[No. 14660. Department Two. — July 23, 1892.]

ROBERT WATT ET AL., DIRECTORS OF THE STOCKTON STATE INSANE ASYLUM, APPELLANTS, v. CHARLES BRADLEY, ADMINISTRATOR, ETC., RESPONDENT.

CHANGE OF PLACE OF TRIAL — AFFIDAVIT OF MERITS — DEFECTIVE TITLE OF COURT. — An affidavit of merits, upon a motion for a change of venue made by a defendant, is not insufficient because of the omission of the names of the defendants from the title of the action, where the notice of motion states that the motion will be made "upon the affidavit and demand of defendant to change the place of trial, annexed and served with said notice, and upon said notice and all the papers and pleadings on file in said action," and both the notice and demand were duly entitled in the action, and the affidavit was filed with the notice.

ID. — SUFFICIENCY OF AFFIDAVIT — BELIEF OF ADVICE OF COUNSEL. — An affidavit of merits upon a motion for a change of venue, which alleges that the affiant fully and fairly stated all the facts relating to the action to his counsel, and that he is advised by him that he has a good, substantial, and complete defense on the merits of the action, is not defective because of failing to allege that the affiant believed the advice of his counsel.

APPEAL from an order of the Superior Court of San Joaquin County granting a change of venue.

The facts are stated in the opinion.

*Carter & Smith*, for Appellants.

*B. F. Thomas*, for Respondent.

VANCLIEF, C. — This action was commenced in the county of San Joaquin to recover $3,175.35 for medical attention, nursing, support, etc., alleged to have been furnished to the wife of defendant's intestate in said asylum, situate in said county, at the request of said intestate.

On motion of defendant, the court ordered a change of the place of trial from the county of San Joaquin to the county of Santa Barbara, on the alleged ground that defendant was a resident of the latter county. The plaintiffs appeal from this order, and contend that the affidavit of defendant upon which the order was made is insufficient. The following is a copy of the affidavit: —

"In the superior court of the county of San Joaquin, state of California.

"Robert Watt, Arthur Thornton, H. T. Dorrance, Obed Harvey, and R. S. Johnson, as the board of directors of the Stockton State Insane Asylum, plaintiffs.

"State of California, } ss.
"County of Santa Barbara. }

"Charles Bradley, being first duly sworn, deposes and says that he is the defendant in the above-entitled action.

"That he now is, and at the time the above-entitled action was commenced, and for twenty years prior thereto had been, a resident of the county of Santa Barbara, state of California, and was such resident when the summons in said action was served on him, which service was in said Santa Barbara County.

"That I have fully and fairly stated the case in this action, and fully and fairly stated all the facts relating to such action, to my counsel and attorney in said action, B. F. Thomas, an attorney at law, residing in the city and county of Santa Barbara, state of California, and after such statement to my said attorney, I am advised by him that I have a good, substantial, and complete defense on the merits of said action.

"CHARLES BRADLEY."

1. It is contended that the affidavit does not intelligibly refer to this action, because the title of this action is not fully stated in the affidavit.

The bill of exceptions shows that the notice of the motion "stated that said motion would be made upon the affidavit and demand of defendant to change the place of trial, *annexed and served with said notice*, and upon said notice and all of the papers and pleadings on file in said action." Both the notice and demand "were duly entitled in the action," and the affidavit was filed with the notice. Therefore, the reference in the affidavit to the "above-entitled action" must have been understood to refer to the title of the action stated in the demand, and in the notice to which the affidavit was annexed and with which it was served. This was sufficient, under section 1046 of the Code of Civil Procedure, which provides that "an affidavit, notice, or other paper, without the title of the action, . . . . or with a defective title, is as valid and effectual for any purpose as if duly entitled, if it intelligibly refer to such action."

2. The only other objection to the affidavit is, that it fails to state that the affiant *believes* the advice of his counsel, that he had "a good, substantial, and complete defense on the merits of said action."

It is enough that he fairly and fully stated the facts of his case to his attorney at law, and that upon that statement his attorney advised him, *as matter of law*, that those facts constituted a meritorious defense to the action. He was entitled to act upon the advice of his attorney as to what was the law applicable to those facts, unless it appear that he had reason to believe the advice was not given in good faith; for the presumption is, that the advice was asked and given in good faith, and that the defendant confided in it, if nothing appear to the contrary. What is the law applicable to a given state of facts is rather a matter of opinion than of belief, as to which the opinion of the non-professional client is of so little consequence that a court would not act upon it for any purpose.

I find nothing in any of the cases cited by counsel opposed to these views, and therefore think the order should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.