[Civ. No. 5644. First Appellate District, Division Two.—May 6, 1927.]

HENRY BAKER, Respondent, v. J. M. JACKSON, Doing Business, etc., et al., Defendants; JOHN M. JACKSON, Appellant.

JAMES J. JENNINGS, Respondent, v. J. M. JACKSON, Doing Business, etc., et al., Defendants; JOHN M. JACKSON, Appellant.

JOHN N. BLANCHARD, Respondent, v. J. M. JACKSON, Doing Business, etc., et al., Defendants; JOHN M. JACKSON, Appellant.

[1] PLACE OF TRIAL—CHANGE OF VENUE—SUFFICIENCY OF AFFIDAVIT— BELIEF OF ADVICE OF COUNSEL.—Where the affidavit of defendant in support of a motion for a change of venue on the ground of residence alleges that affiant has stated all the facts to his counsel and has been advised by him that he has a good and substantial defense on the merits, such affidavit is not defective because it fails to allege that affiant believes the advice of his counsel.

(1) 40 Cyc., p. 159, n. 93.

APPEALS from orders of the Superior Court of San Mateo County denying motions for change of venue. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

John E. Bennett for Appellant.

No appearance for Respondents.

NOURSE, J.—Plaintiff sued in San Mateo County to recover $650 alleged to have been paid the defendant Jackson for corporate stock. The grounds of the action were that the stock was purchased from Jackson, who was a licensed stock broker, through fraudulent representations

1. See 25 Cal. Jur. 901.

of the assets and liabilities of the corporation by which the stock had been issued.    The defendant National Surety Company was joined as the surety on Jackson's bond as a stock broker.

In due time the defendant Jackson, with the consent of his co-defendant, moved for a change of the place of trial to San Francisco, the county of his residence and the county where the surety company maintained its principal place of business in this state.    An affidavit of merits was served and filed with the notice of motion, but no counter-affidavits were presented by the plaintiff.    The motion was denied and from this order the defendant has appealed on the printed record.

[1]    The respondent has not appeared on this appeal other than to stipulate that the cause may be submitted on the transcript, but we are informed that the only ground of opposition to the motion made below was that the affidavit failed to state that the affiant believed the advice of his counsel that he had a good and valid defense to the merits of the action.    On this point the rule is settled that when a party has alleged that he has stated all the facts to his counsel and has been advised by him that he has a good and substantial defense on the merits the affidavit is not defective because it fails to allege that the affiant believes the advice of his counsel.    (*Watt* v. *Bradley,* 95 Cal. 415, 417 [30 Pac. 557] ; 25 Cal. Jur., p. 901, sec. 34.)

In accordance with the stipulation of the parties an order of this court was duly entered on December 8, 1925, consolidating this appeal with the appeals in two similar cases designated by the superior court numbers 10807 and 10808 and directing that the judgment herein should include an order including each of the other two cases.

In accordance with the foregoing order of this court, the orders appealed from in each of the three cases are reversed.

Sturtevant, J., and Koford, P. J., concurred.