[No. 7,140—In Bank.]
December 12, 1882.

## THE REMINGTON SEWING MACHINE COMPANY *v.* JOSEPH H. COLE ET AL.

62  311
79   33
62  311
82  629
62  311
101  460
62  311
106   59

CHANGE OF PLACE OF TRIAL—ACTION—PRACTICE.—Action commenced in the City and County of San Francisco. Joseph H. Cole and George N. Cole were united as defendants with Jewell and Showers. The complaint alleged that Showers, Jewell, and George N. Cole formed a copartnership; that plaintiff entered into an agreement with said partnership, etc.; that as a condition precedent to said agreement plaintiff exacted from each and every member of the firm a bond in the sum of ten thousand dollars, conditioned that if said Showers, Jewell, and Cole should from time to time, as the same should become due, pay all dues, etc., which under their agreement might become due to plaintiff, or in default thereof, that said member would pay to plaintiff his one-third part of any such indebtedness, then the obligation to be void; otherwise, etc. George N. Cole, as one of the firm, executed such a bond to the plaintiff, with Joseph H. Cole as surety. After the dissolution of the copartnership, and settlement of the affairs, the firm was indebted to the plaintiff in the sum of nine thousand seven hundred and one dollars and fifty-five cents, of which the complaint alleged, Joseph H. Cole became liable to pay three thousand two hundred and thirty-three dollars and eighty-five cents; that since said settlement Showers and Jewell paid to plaintiff six thousand two hundred and eight dollars and thirty-four cents, leaving unpaid three thousand one hundred and ninety-three dollars and twenty-one cents. Prayer therefor against the four defendants. Showers and Jewell demurred. The other defendants, Joseph H. Cole and George N. Cole, also demurred, and moved a change of the place of trial, which was denied August 30, 1878. Afterwards the demurrer of the defendants Joseph H. Cole and George N. Cole was overruled, and the action was dismissed as to Showers and Jewell. Subsequently the defendants Joseph H. Cole and George N. Cole made a second motion for change of the place of trial, which was also denied, and this appeal was taken by them from the order denying their second motion. Both motions by them were made upon the ground that they were residents of the County of San Joaquin.

*Held:* 1. If the complaint counted alone on the bond executed by Joseph H. and George N. Cole, there was no cause of action stated against Jewell or Showers, and they were improperly made parties. In that view, the Coles were entitled to a change of the place of trial, and their motion in that behalf, made in 1877, and denied August 30, 1878, ought to have been granted, notwithstanding Jewell and Showers then remained parties of record. From the order made refusing a change of venue, the parties aggrieved were entitled to appeal, and that was their remedy.

2. If, on the other hand, the complaint contained a cause of action against Jewell and Showers, the order made August 30, 1878, was rightly made, for they did not join in the motion for a change of the place of

trial, but on the contrary filed a demurrer, without objection, on that ground. If there was a cause of action stated against them, they had as much right to have it tried in the city and county of San Francisco, where the action was commenced, as their co-defendants had to have it tried in the county of their residence.

3. In either event, the subsequent dismissal of the action as to Showers and Jewell could not operate to confer on the other defendants the right to demand a change of the place of trial, for that right is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action.

APPEAL by the defendants, Joseph H. Cole and George N. Cole, from an order of the Superior Court of the City and County of San Francisco, denying their motion for a change of the place of trial. EDMONDS, J.

Action on a bond. The action was commenced September 29, 1877, in the Fifteenth District Court. The complaint is as follows :

The Remington Sewing Machine Company, hereinafter styled plaintiff, complains of Joseph H. Cole, George N. Cole, O. H. Jewell, and A. Showers, defendants herein, and for cause of action alleges:

1. That plaintiff is, and at all the times hereinafter mentioned was, a corporation organized under the laws of the State of New York, and is and was engaged in the manufacture and sale of the Remington sewing machines, so called.

2. That on or about the first day of January, A. D. 1875, the defendants, A. Showers, O. H. Jewell, and George N. Cole, entered into and formed a copartnership under the style of Showers, Jewell & Cole, for the purpose of buying and selling the aforesaid Remington sewing machines in the State of California and elsewhere.

3. That after the formation of such copartnership the plaintiff entered into an agreement with the said Showers, Jewell & Cole, as partners as aforesaid, whereby the plaintiff agreed among other things to sell to said firm only in the States of California and Oregon its said Remington sewing machines, at certain agreed rates, and upon certain conditions, and the said firm of Showers, Jewell & Cole did agree with the plaintiff among other things to maintain and keep open a store in San Francisco, California, for the sale of said machines, and

to pay the plaintiff certain agreed rates for all such machines sold and delivered to them by the plaintiff.

4. That as a condition precedent to the aforesaid agreement between plaintiff and the said firm of Showers, Jewell & Cole, the plaintiff did require and exact from each and every member of said firm a bond in the sum of ten thousand dollars, with good and sufficient surety, and conditioned that if said Showers, Jewell & Cole should from time to time, and at all times, as the same should become due and payable, pay and satisfy all dues, demands, or any balances, which, under their aforesaid agreement, might become due to the plaintiff, or in default thereof, that said member would pay to the plaintiff his one third part or proportion of any such indebtedness, then the obligation to be void, otherwise in full force and effect.

5. That pursuant to such condition the said defendant, George N. Cole, as one of the-said firm of Showers, Jewell & Cole, did, on the tenth day of February, A. D. 1875, make, execute, and deliver to plaintiff his certain bond in the sum of ten thousand dollars, with the defendant, Joseph H. Cole, as surety thereon, and of which the following is a copy, to wit: "Know all men by these presents, that I, George N. Cole, of Stockton, in California, as principal, and Joseph H. Cole, of O'Neal Township, California, as surety, are firmly bound and obliged unto E. Remington & Sons, of Illion, New York, a firm duly established and doing business under said name, in the full and just sum of ten thousand dollars, the which sum, well and truly to be paid to them, said E. Remington & Sons, or the survivor or survivors of them or their assigns, or representatives of them, we jointly and severally bind and oblige ourselves, and our several heirs, representatives, and assigns, firmly by these presents. Sealed with our seals, and dated this tenth day of February, A. D. 1875. The condition of this obligation is such that, whereas, on the first day of January, 1875, the said George N. Cole became an equal copartner with A. Showers and O. H. Jewell in the business of selling and dealing in the sale and disposition of the Remington sewing machines, a machine, the patent of which is owned by E. Remington & Sons, and transacting said business under the firm name of Showers, Jewell &

Cole, which said firm have entered into an arrangement or agreement to and with said E. Remington & Sons for the supplying of said sewing machines to said firm, for the purpose of sale and the carrying on of their said business. Now, therefore, if the said Showers, Jewell & Cole shall from time to time, and at all times, as the same shall become due and payable, pay and satisfy all dues, demands, or any balances, which, under their said arrangement, agreement, or understanding, as to the terms of dealing, may be or become due, owing, and payable to said E. Remington & Sons for supplies and machines as aforesaid, or in default thereof, the said George N. Cole shall well and truly pay or cause to be paid or settled to the satisfaction of said E. Remington & Sons his one third part or proportion of any such due, indebtedness, or balance, then this obligation shall be void and of no effect, otherwise be and remain in full force and virtue. Sealed with our seals, and delivered in presence of William Graham.    GEORGE N. COLE, J. H. COLE."

6. That, by mistake and inadvertence, the name of E. Remington & Sons was inserted in said bond instead of that of the Remington Sewing Machine Company, though the said bond was given, and intended to be given, by said defendants, George N. Cole and J. H. Cole, to said Remington Sewing Machine Company, the plaintiff herein, and was by them to this plaintiff delivered, and the plaintiff accepted the same without noticing said mistake; and the said defendants, George N. Cole and Joseph H. Cole, thereby covenanted with the plaintiff, under their hands and seals, to pay to the plaintiff the sum of ten thousand dollars upon the conditions therein mentioned; that in order to make said bond conform to the actual intentions of the parties thereto, it is necessary that the name of "E. Remington & Sons," wherever occurring therein, should be changed to the words "The Remington Sewing Machine Company;" and also the words "of Ilion, New York, a firm duly established and doing business under said name," after the words "E. Remington & Sons," first occurring in said bond, be changed to "of Ilion, New York, a corporation duly established and doing business under said name."

7. That on or about the —— day of May, A. D. 1876, the said firm of Showers, Jewell & Cole was dissolved by mutual,

consent; and upon a settlement thereafter had by said firm and the members thereof with the plaintiff, it was found that the said firm was indebted to plaintiff in the sum total of nine thousand seven hundred and one dollars and fifty-five cents, of which amount, by the terms and conditions of said bond, the defendant, Joseph H. Cole, became and was liable to pay to plaintiff the full sum of three thousand two hundred and thirty-three dollars and eighty-five cents; that since said settlement the defendants, Showers and Jewell, have paid to plaintiff on account of said indebtedness the sum of six thousand five hundred and eight dollars and thirty-four cents, and there is now owing and unpaid to plaintiff thereon the sum of three thousand one hundred and ninety-three dollars and twenty-one cents. That the defendants, George N. Cole and Joseph H. Cole, have paid no part of said sum of nine thousand seven hundred and one dollars and fifty-five cents, nor has either of them; and there is now owing to plaintiff from said George N. Cole and Joseph H. Cole, on account of said indebtedness and said bond, the sum of three thousand one hundred and ninty-three dollars and twenty-one cents, which became due and payable on August 1, 1877. That the plaintiff has demanded payment of said sum of three thousand one hundred and ninety-three dollars and twenty-one cents from each and all of said defendants, but they have each and all neglected and refused to pay the same.

Wherefore plaintiff prays the judgment of this Court: 1. That the bond set forth in count fifth of this complaint herein may be reformed in the particulars set forth in said complaint, and so it may be taken and construed to run to the Remington Sewing Machine Company, the plaintiff herein. 2. That plaintiff have and recover from the defendants herein the sum of three thousand one hundred and ninety-three dollars and twenty-one cents, with interest thereon from August 1, 1877, at the rate of ten per cent. per annum, and costs of suits, and for such other and further relief herein as the plaintiff may be entitled to.

The defendants Showers and Jewell demurred to the complaint.

The defendants Joseph H. Cole and George N. Cole also demurred, and moved a change of the place of trial, which was

denied, August 30, 1878, by the District Court. Afterwards the demurrer of the defendants Joseph H. Cole and George N. Cole was overruled, and the action was dismissed by the plaintiff as to the defendants Showers and Jewell. The defendants Joseph H. and George N. Cole thereafter answered the complaint. On the fourteenth day of January, A. D. 1880, the defendants Joseph H. Cole and George N. Cole, without previously asking leave of the Court so to do, made a second motion for change of the place of trial, which was heard and denied by the Superior Court. Both motions were made upon the ground that the defendants Joseph H. Cole and George N. Cole were residents of the County of San Joaquin. A bill of exceptions was filed, and this appeal taken.

*J. H. Budd*, for Appellants.

The complaint shows a cause of action which must be tried in the county where the defendants resided at the commencement of the action, if duly demanded in writing by the defendants. (Code Civil Procedure, §§ 395, 396.) The language of Section 395 of the Code is imperative on this point. The following are its provisions, viz.: In all other cases the action must be tried in the county in which the defendants, or some of them, resided at the commencement of the action.

The appellants resided at the commencement of the action in the County of San Joaquin, and filed their affidavits showing that fact, and an affidavit of merits, and demanded in writing that the trial be had in the proper county. This was at the time they appeared in the action. The right of appellants to have the action tried in the county of their residence is given by the Code, and can only be waived as provided by Section 396 of the Code ; and if not so waived, the Court in which the action is brought has no jurisdiction to try the action.

When, therefore, the plaintiff voluntarily dismissed the action as to Jewell and Shower, two persons named as defendants in the complaint, the right of the appellants arose, under the Code, to have the action tried in the county of their residence, unless they had waived that right by failure to file an affidavit of merits, and demand in writing a trial of the action in the county of their residence at the commencement of the

action. There was no such waiver, and the Court in which the action was brought, had, after such dismissal, no jurisdiction to try the action unless with appellant's consent. And the subsequent affidavit of merits and of residence, and demand in writing by defendants, showed they did not consent to the trial of the action in the Court in San Francisco, but insisted on their statutory right to have the action tried in the County of San Joaquin, the county of their residence. To state the matter syllogistically: in all cases of actions on contracts, the defendants have the right to have the action tried in the county of their residence at the commencement of the action, unless they waive that right by failure to file an affidavit of merits, and to demand in writing, at the time they appeared in the action, that the trial of the action be had in that county.

This is an action on contract, and the appellants, when they appeared in the action, filed the proper affidavit of merits and of their residence in San Joaquin County, at the commencement of the action, and demanded in writing that the action be tried in that county. Therefore the appellants have the right to have this action tried in that county. It is urged by the counsel for defendant, that appellants should have appealed from the order of the District Court, denying their first application to change the place of trial. Such appeal would have been frivolous. The order of the District Court was properly made on the facts then existing. The statutory right of appellants to have the action tried in the county of their residence had not then arisen. Appellants took the prescribed statutory steps to prevent a waiver of such right when it should arise, and when it did arise under the provisions of the Code, insisted on that right.

*E. S. Pillsbury,* for Respondent.

The first motion for change of place of trial was properly denied, because all the defendants did not join in the motion, and no reason was assigned by the moving parties for such failure. (*Pieper* v. *Centinela Land Co.*, 56 Cal. 173, and cases therein cited.) The motion having been made upon the same ground as the first, viz., residence in San Joaquin County, the decision of the first motion became the law on all

points involved therein, and obligatory upon the Court and parties. The remedy was by appeal. (*Lang* v. *Specht,* 7 P. C. L. J. 236.) If the remedy was not by appeal, the second application for change of venue was properly denied, because not made at the time the defendants appeared and demurred. They could not move after filing their demurrer. It was a right which could be waived. (*Pearkes* v. *Freer,* 9 Cal. 642; *Jones* v. *Frost,* 28 Cal. 245). "A defendant who demurs to a complaint without answering must demand a transfer, if he claim it on the ground that the proper county is not designated before or when he demurs." (*Cook* v. *Pendergast,* 8 P. C. L. J. 1006.)

Ross, J.:

If the complaint counted alone on the bond executed by Joseph H. and George N. Cole, there was no cause of action stated against Jewell or Showers, and they were improperly made parties. In that view, the Coles were entitled to a change of the place of trial, and their motion in that behalf made in 1877, and denied August 30, 1878, ought to have been granted, notwithstanding Jewell and Showers then remained parties of record. From the order made refusing a change of venue the parties aggrieved were entitled to appeal, and that was their remedy. If, on the other hand, the complaint contained a cause of action against Jewell and Showers, the order made August 30, 1878, was rightly made, for they did not join in the motion for a change of the place of trial, but on the contrary, filed a demurrer, without objection, on that ground. If there was a cause of action stated against them, they had as much right to have it tried in the City and County of San Francisco, where the action was commenced, as their co-defendants had to have it tried in the county of their residence. In either event, we do not perceive how the subsequent dismissal of the action as against Jewell and Showers could operate to confer on the other defendants the right contended for by them. That right is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action.

Order affirmed.

McKINSTRY and McKEE, JJ., and MORRISON, C. J., concurred.

SHARPSTEIN, J., dissenting:

I dissent. This is one of the actions which the Code declares "must be tried in the county in which the defendants or some of them reside at the commencement of the action." (C. C. P. 395.) Before the action was dismissed as to any of the defendants, some of them resided in San Francisco and some of them in San Joaquin County. After the dismissal of the action as to some of them, the remaining ones resided in San Joaquin. They had a right to have the action tried in that county, and if they did not waive that right, the Court erred in denying their application to have the place of trial changed from San Francisco to San Joaquin. The right might have been waived by appearing and answering or demurring without filing an affidavit of merits and demanding "in writing that the trial be had in the proper county." (Id. 396.)

The appellants, on their first appearance, as the *sole* defendants in the action, and at the time of filing their answer, did file an affidavit of merits and a demand "in writing that the trial be had in the proper county." Before that, either San Francisco or San Joaquin was the *proper* county. Now it could never have been the intention of the Legislature that a plaintiff, by improperly joining persons who resided in the same county with himself, against whom his complaint showed that he had no cause of action, with persons residing in another county against whom he did allege a cause of action as defendants, could defeat the right of the *real* defendants to have the action tried in the proper county, particularly when, as in this case, the action is dismissed as to the defendants residing in the same county with himself before the filing of the answer. Whenever the attention of the Legislature is manifest it must prevail in the construction of statutes. The object of the Legislature was to prevent the trial of actions in counties other than those in which the defendants resided, unless they waived that right. I do not think that the Courts should sanction a palpable evasion of such a statute.

MYRICK, J., concurred with Mr. Justice SHARPSTEIN.