[No. 8,502. Department Two.—November 7, 1884.]

JOHN RATHGEB, Appellant, *v.* GEROSARNO TISCOR-
NIA et al., Respondents.

Practice—Change of Venue—Residence of Defendants.—The place of
trial of an action for damages commenced in a county in which none of
the defendants reside will be changed to the proper county, on the applica-
tion of the defendants who have been served with process.

Id.—Disqualification of Judge.—The disqualification of the Judge of the
proper county in no way affects the right of a defendant to a change of the
place of trial.

Id.—Affidavit of Merits.—There is no essential difference between an affi-
davit of merits which states that the defendant "has fully and fairly stated
the case in this action," and one which states that he "has fully and fairly
stated the facts of the said case."

Appeal from an order of the Superior Court of the city and
county of San Francisco, changing the place of trial.

The judge of the Superior Court of Calaveras county had
been, prior to his election to that office, counsel for some of the
parties in matters pertaining to the controversy. The action
was for damages for breaking gates and fences, tearing down a
quartz mill, etc. The other facts appear in the opinion of the
court.

*C. V. Grey,* for Appellant.

*Reddick & Solinsky,* and *A. C. Adams,* for Respondents.

Sharpstein, J.—This action was commenced in San Francisco
against sixteen defendants; fourteen of them reside in Calaveras
county, one in Santa Clara, and one on whom the summons has not
been served, and who has not appeared in the action, is in Italy.
The fifteen on whom service was had appeared, and demanded
that the place of trial be changed to Calaveras county, where
fourteen of them resided. The motion was granted, and this
appeal is from that order. If all the defendants who united in
the demand had resided in Calaveras county, their right to have
the action tried there would be perfectly clear.

This is one of the actions which the code says must be tried in the
county in which the defendants, *or some of them, reside,* but which
may be tried in the *county in which it is commenced,* unless the
defendant demands that the trial be had in the proper county, *i. e.,*
in the county in which the defendants, or some of them, resided
at the commencement of the action. Calaveras county is the

county in which most of the defendants resided at the commencement of the action, and therefore was one of the proper counties for the trial; and as all the defendants who were served, or who have appeared in the action, united in a demand to have the trial in that county, we think the order to have it tried there was correct.

The disqualification of the judge of Calaveras county to try the case in no way affects the right of defendants to have it transferred to that county for trial.

If the judge of that county is disqualified, the code plainly points out the course to be pursued.

There is no essential difference between an affidavit of merits, which states that the defendant " has fully and fairly stated the case in this action," and one which states that he " has fully and fairly stated the facts of the said case."

Order affirmed.

THORNTON, J., and MYRICK, J., concurred.