[No. 13335.   Department Two. — February 25, 1890.]

W. A. CLARK, RESPONDENT, *v.* H. B. BROWN ET AL.,
APPELLANTS.

PLACE OF TRIAL — DISSOLUTION AND ACCOUNTING OF MINING COPARTNER-
SHIP. — Section 392 of the Code of Civil Procedure does not require that
the place of trial of an action to dissolve a mining copartnership, and
for an accounting between the partners, should be the county in which
the mining claims are situated, when the determination of the respective
estates or interests of the partners in such realty is not involved in
the action.

APPEAL from an order of the Superor Court of Stanislaus County refusing to change the place of trial.

The facts are stated in the opinion.

*F. W. Street,* for Appellants.

*James H. Budd,* for Respondent.

VANCLIEF, C. — This action was commenced in the superior court of the county of Stanislaus, in which two of the defendants resided.

It is alleged in the complaint, substantially, that in 1880 the plaintiff and the defendants Brown and Flaherty entered into a mining copartnership for the purpose of working mining claims situated · in Tuolumne County, called the Green claims, and extensions thereof; that they actually engaged in working said claims and extracting mineral therefrom from said date until October 25, 1887, when Flaherty sold to the defendants Clark and Crittenden " his interest in the above mine and claim and business, since which date said defendants Clark and Crittenden have with defendant Brown and this plaintiff been actually working said mine and claim and extracting minerals therefrom; that in the working of said mine and claim, . . . . as above, plaintiff has advanced and used to and for the defendants, and each and all of them; large sums of money, amounting to many thousands of dollars; that between the first day of January, 1881, and the twenty-fifth day of October, 1887, plaintiff advanced in the working of the mine and claim aforesaid, and in extracting minerals therefrom, many thousands of dollars, and since said date has advanced for such purpose and in working said mine several thousands of dollars, all for the use of said copartnership; that there has never been any settlement of any of the partnership accounts of plaintiff and defendants, or any of them, nor of the accounts between plaintiff and each, or all, or any, of the defendants herein; that the defendants Flaherty and Brown have refused, and still refuse, to carry on the aforesaid business, or to settle their, or either of their, accounts with the copartnership, or with this plaintiff on account thereof, or to have or make any accounting whatever, for the moneys that they, or either of them, have received on account of the said copartnership;

that the copartnership aforesaid can be carried on only at a pecuniary loss; that plaintiff is desirous of dissolving the same and having a liquidation of its affairs; that no term was ever prescribed or fixed between the parties hereto, or any of them, during which the said copartnership should continue; that defendants Clark and Crittenden are residents of Stanislaus County, state of California."

The prayer is, that the partnership be dissolved, and an account taken of all the partnership dealings and transactions, from the commencement thereof, and of the moneys received and paid by the plaintiff and the defendants respectively in relation thereto; that the affairs of the firm be wound up, and the copartnership debts and liabilities be paid, and that plaintiff be paid his advances, and that the surplus, if any, be paid to the plaintiff and defendants according to their respective interests, and for such other and further relief as the nature of the case may require.

To this complaint the defendants Brown and Flaherty interposed a general demurrer, on the ground that it does not state facts sufficient to constitute a cause of action; and at the same time regularly demanded that the place of trial be changed to the county of Tuolumne, for the reason that the real property in the complaint described appears to be situated in Tuolumne County, and that it further appears by the complaint that the "action is brought to determine the interest of the parties to said action in and to said real property."

The appeal is by Brown and Flaherty from the order denying their motion to change the place of trial; and the only question presented for decision is, Does it appear from the complaint that the action is "for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or

interest," in the true sense of subdivision 1 of section 392 of the Code of Civil Procedure?

Counsel for appellants contend that the action is for the determination of the rights and interests of the respective parties in and to the mining claims described in the complaint, and therefore that the court erred in refusing to change the place of trial to the county in which the mining claims are situated.

The plainly apparent object of the action is to obtain a dissolution of a mining copartnership and an accounting between the partners. It does not expressly appear that the copartnership concern had any estate or interest in the mine described; but conceding that this appears by implication, which is the most that can be claimed, yet, in the absence of evidence to the contrary, the legal presumption is, that the interests of the partners were equal, and that there was no necessity nor occasion in this action "for the determination in any form of the right or interest" of any party to this action in or to the mine.

The mine alleged to have been worked by the concern is described as "the Flaherty quartz mine, known as the Green vein or claims, and the extensions thereof," and for aught that appears the vein or claims and the extensions thereof may have been owned in severalty by the individual partners, and the partnership may have been limited to the *working* of those claims without any interest or estate in them, and the partnership may have been so limited, even if the partners had been tenants in common of all the claims and extensions.

It is enough, however, for the disposition of this appeal in favor of the respondent that it does not appear that the action is "for the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest," and that it does appear that all the relief prayed for may

be granted without the determination, even incidentally, of any right or interest in real property.

I think the order should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order is affirmed.