ELIZABETH LULL COCHRANE et al. v. J. WADE Mc-
DONALD et al.

[No. 44,368; decided July 9, 1894.]

Change of Venue—When Properly Denied.—In this case the court
denies a motion, made on behalf of all the defendants except Dore and
McNealy, to change the place of trial to San Diego county, where real
estate affected by the action is situated, because the true basis of
the action is fraud and collusion rather than the recovery or deter-
mination of any interest in realty, and because Dore is a resident of
San Francisco, and a necessary party, and McNealy opposes the mo-
tion.

Motion for change of place of trial.

W. J. Hunsaker, counsel for the motion.

Joseph M. Nougues, for the plaintiffs against the motion.

Henry K. Mitchell, for defendant Dore against the motion.

COFFEY, J. Upon the oral argument of the motion which
was made on behalf of all the defendants in the action, except
Maurice Dore and Maggie McNealy, the court intimated that
it was inclined to deny the motion, for the reasons that the
suit does not involve the determination of an estate or interest
in real property, and that it could not say, from the pleadings,
that the defendant, Maurice Dore, who is the only defendant
who resided, at the time of the commencement of the suit, or
now resides, in the city and county of San Francisco, was not
a necessary party defendant. Counsel for the motion, Mr.
Hunsaker, has undertaken to answer these two objections in
the order stated. Does this action involve the determination
of an estate or interest in real property? Code Civ. Proc.,
sec. 392.

So much of section 392 of the Code of Civil Procedure as
is pertinent to the question now being considered is in the fol-
lowing words: "Actions for the following causes must be tried
in the county in which the subject of the action, or some part
thereof, is situated, subject to the power of the court to change
the place of trial as provided in this code: 1. For the recovery

of real property, or of an estate or interest therein, or for the determination, *in any form,* of such right or interest.''

It will be observed, says counsel, that this language is mandatory, and requires that an action for the determination, in any form, of a right or interest in real property must be tried in the county in which the subject of the action, or some part of it, is situated. Section 4 of the Code of Civil Procedure provides that ''the code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and promote justice.'' The manifest purpose of the legislature in enacting section 392 of the Code of Civil Procedure was to make all actions local which, in any manner, involved the determination of any right, interest, or estate, in real property. The provisions of this section are not limited to actions involving the title to real property, but embrace all actions which, in any manner, no matter what the form of the action may be, call for the determination of a right or interest in real property. The actions to which this section applies are *local,* and not *transitory,* and the jurisdiction of the superior court is made to depend upon the situation of the real property.

It appears from the allegations of the complaint that the only subject matter of this suit is real property, namely, the Rancho Jamul, situated in San Diego county, in this state, and that the object of the action is to have the stipulation, a copy of which is set forth in plaintiff's complaint, and certain orders modifying the order of sale made by the superior court of the county of San Diego in the matter of the estate of General Henry S. Burton, deceased, vacated and set aside, for the sole purpose of relieving this real property from at least a portion of the allowances made by the superior court of the county of San Diego, sitting in probate, as a widow's allowance to Mrs. Burton, and as costs, charges and expenses of administration, consisting of attorney's fees, administrator's commissions, etc. It will thus be seen that the very purpose of the suit is to obtain a determination of this court affecting an interest in real property. These costs and charges of administration constitute and are a lien on the Rancho Jamul,

and the superior court of the county of San Diego has fixed the amount of such costs and damages, and made its order directing a sale of this identical real property for the purpose of paying the same, and made certain orders modifying the order of sale, which modifying orders are sought to be vacated by the decree of this court, and to thereby affect these liens upon such real property. The only rights asserted by the plaintiffs in their complaint to maintain this action is based upon the averment that the plaintiffs are heirs at law of General Henry S. Burton, deceased. This is the only interest which they have, or can have, in the Rancho Jamul; upon the truth of this averment as to heirship depends the right of the plaintiffs to maintain this action.

It will not do to say, in answer to this, that, as heirs at law, they might maintain a suit to have the alleged improper allowances set aside, for they, as heirs at law of General Burton, are not personally liable upon such allowances, and can have no interest therein, except as the same might affect their right to receive a one-sixth interest in the residue of his estate upon final distribution. It thus appears that the only subject matter of the suit is real property, and that the very foundation of the plaintiff's asserted right to maintain this suit is based upon a claim which necessarily involves the determination of an estate or interest in such real property. Counsel for the motion claims that the correctness of this contention will clearly appear upon a consideration of the language of the supreme court in the case of Sloss v. De Toro, 77 Cal. 129, 19 Pac. 233. On page 132 (of 77 Cal.) the court, after stating the facts set forth in the plaintiff's complaint, and quoting the language of section 395 of the Code of Civil Procedure, and also from the language used in section 395, say: "The question then is, Did this action require the determination in any form of a right or interest in real property? It seems to us that it did. The main purpose of the action undoubtedly was, to have an alleged fraudulent sale of land set aside, and the title revested in its former owners. This purpose could only be accomplished by showing, first, that the plaintiff had an estate or interest in the land, and, second, that the defendants had wrongfully tried to deprive him of that interest.

If the action had been ejectment or to quiet title, it would not more clearly have required a determination as to the plaintiff's right or interest in the property.''

It will be seen, say counsel, upon an examination of the statement of facts in the case of Sloss v. De Toro, that the plaintiff in that action was the owner of an undivided interest in the real property in controversy, as the grantee of the widow of Olvera, the deceased; that an order had been made by the superior court of Los Angeles county authorizing De Toro, as administrator of the estate of Olvera, to sell certain real property, and that a sale had been made by him pursuant to such order, and an order had been made confirming such a sale. The syllabus states that a deed had been made by the administrator, but the facts stated in the opinion do not bear out this portion of the syllabus, and an examination of the transcript on file in the office of the clerk of the supreme court will disclose the fact that there was nothing in the case showing that a deed had been made. Counsel claims that the case is, therefore, directly in point here.

It will be observed, argues counsel, that the language quoted from the opinion of the court in the case of Sloss v. De Toro places the decision distinctly upon the ground that it was incumbent upon the plaintiff in that action (who was a grantee of an heir of the deceased), to establish an interest in the land, and forcibly says that, if the action had been ejectment or to quiet title, it would not more clearly have required a determination as to the plaintiff's right or interest in the property. The plaintiffs in this action, in order to obtain any standing in court, which would enable them to attack the stipulation and orders of the court, necessarily have to aver their heirship, which, if established, would show that they had an interest in the Rancho Jamul. This is of the very essence of the right of the plaintiffs, and is the only foundation upon which they rest their right to institute and maintain this action.

The complaint alleges the making of the order of sale, the orders modifying the terms of the original order of sale, the giving of notice of sale, a sale to the defendant Titus, a subsequent notice of sale; and the answers filed on behalf of the

defendants, other than Dore and Mrs. McNealy, show that, in pursuance of the notice last mentioned, a sale of the Rancho Jamul was made by the defendant Burton, as administrator, to the defendant J. Wade McDonald, who paid ten per cent of the purchase price bid by him at such sale; that the sale to McDonald was reported to the superior court, and, after proceedings duly had, such sale was, by order of that court duly made, confirmed. It requires no argument or citation of authority to show that, by reason of his purchase and the confirmation of the sale to him, the defendant McDonald, if the proceedings were valid, acquired an interest·in this land, and upon payment of the balance of the purchase price is entitled to a deed from the administrator conveying to him all of the title of the estate of General Burton to the Jamul Ranch. It is apparent, therefore, that the trial of this case involves and requires the determination of an interest in land, and that there is no distinction, either in principle or otherwise, between this case and that of Sloss v. De Toro.

All of the allegations of the plaintiff's unverified complaint, which, of course, includes the one relating to the heirship of the plaintiffs, are put in issue by the general denial of each of the defendants answering.

In an action to determine rights to real estate, each defendant is entitled, as a matter of right, to have the action brought in the county in which the real estate is situated, and it is not necessary that all of the defendants should join in claiming such right: O'Neil v. O'Neil, 54 Cal. 187.

Speaking of the case last above cited, Mr. Justice McFarland recently said: "In O'Neil v. O'Neil, 54 Cal. 187, the action was brought in San Francisco to determine the rights of the parties to certain lands situated in Sacramento and Yolo counties. San Francisco was clearly not, in any sense, the proper county for the trial; and it was properly held that either defendant had the right to have the action tried in the county where the land was situated. In that case the rights of the defendant rested on section 392 of the Code of Civil Procedure, as was stated by the court in Pieper v. The Land Co., supra": McKenzie v. Barling, 101 Cal. 459, 36 Pac. 8.

The counsel for the motion, as a second contention, insists that none of the necessary parties defendant being residents of the city and county of San Francisco, the defendants moving are entitled to have the place of trial changed..

Section 395 of the Code of Civil Procedure provides that "in all other cases the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action." All of the defendants in this case, with the exception of Dore and Hunsaker, being residents of the county of San Diego at the time of the commencement of the action, and Dore not being a necessary party defendant, according to the view of counsel, the action was not brought in the proper county, and the place of trial must be changed to the county of San Diego: Rathgeb v. Tiscornia, 66 Cal. 96, 4 Pac. 987; McSherry v. Pennsylvania G. C. Min. Co., 97 Cal. 637, 642, 32 Pac. 711; Smith v. Smith, 88 Cal. 572, 576, 26 Pac. 356; Warner v. Warner, 100 Cal. 11, 34 Pac. 523; Usher v. Usher (Cal.), 36 Pac. 8; McKenzie v. Barling, 101 Cal. 459, 36 Pac. 8.

In Smith v. Smith, 88 Cal. 575, 26 Pac. 356, the supreme court, after quoting the provisions of section 395 of the Code of Civil Procedure, said: "The general spirit and policy of the statute is to give to the defendant the right to have all personal actions against him tried in the county of his residence. Provision is made for the trial of actions affecting real estate in the county where the land is situated, and for the trial of certain other designated actions in the county where the cause of action arose; but the general rule for the place of trial is prescribed in section 395, by the declaration that 'in all other cases' the action must be tried in the county in which the defendant resides at the commencement of the action. This section is general and comprehensive in its terms; and embraces all other cases than those which are specified in the three preceding sections. It is intended to protect the defendant in the expense and inconvenience of being compelled to go to a distant county to defend himself against an action that might be commenced against him there, and is in accordance with the principles that obtain wherever the

common law prevails, that the plaintiff who would seek redress from a defendant must seek it in the county where he resides.''

Warner v. Warner and Usher v. Usher, above cited, were actions brought to obtain decrees of divorce. In those cases the supreme court held that, notwithstanding the amendment of March 10, 1891, of section 128 of the Civil Code, requiring actions for divorce to be brought in the county of which the plaintiff had been a resident for three months next preceding the commencement of the action, the defendant had a right, under section 395 of the Code of Civil Procedure, to have the place of trial changed to the county of his residence.

Nor can the plaintiff, by joining unnecessary parties defendant, deprive the proper defendants of their right to a change of place of trial: Remington Sewing Machine Co. v. Cole, 62 Cal. 311, 318; Sayward v. Houghton, 82 Cal. 628, 23 Pac. 120; McKenzie v. Barling, 101 Cal. 459, 36 Pac. 9.

In the case of Remington Sewing Machine Co. v. Cole, 62 Cal. 318, Mr. Justice Ross said: ''If the complaint counted alone on the bond executed by Joseph H. and George N. Cole there was no cause of action stated against Jewell and Showers, and they were improperly made parties. In that view, the Coles were entitled to a change of the place of trial, and their motion in that behalf made in 1877, and denied August 30, 1878, ought to have been granted, notwithstanding Jewell and Showers then remained parties of record.''

In Sayward v. Houghton, 82 Cal. 628, 23 Pac. 120, Mr. Justice Sharpstein said: ''If Houghton had been the sole defendant, his right to have the place of trial changed would be undoubted. If the complaint states no cause of action against the corporation defendant, the right of Houghton to have the place of trial changed is not affected by making said corporation a defendant in the action'': Remington S. M. Co. v. Cole, 62 Cal. 311.

In McKenzie v. Barling, 101 Cal. 459, 36 Pac. 9, Mr. Justice McFarland, speaking for the court, said: ''And Sayward v. Houghton, 82 Cal. 628, 23 Pac. 120, was a case where it appeared from the complaint that the defendant residing in the county was not a necessary party to the action and had no interest in its result. Where it sufficiently appears upon the

face of the complaint that the defendant residing in the county where the suit was begun is not a proper and necessary party to the action, the other defendants may, no doubt, have the trial changed to the county where they reside, without the consent of the resident defendant; but such is not the case here."

In order to defeat the right of the moving defendants to a change of the place of trial in this action on the ground of residence, based upon the objection that the defendant Dore is a resident of the city and county of San Francisco, it must appear from the pleadings that he is a necessary and proper party defendant. This is clearly established by the decisions above cited. The right to have the action tried in the county where the defendants, or some of them, reside, cannot be destroyed by the act of the plaintiffs in joining unnecessary or nominal parties defendant; and the question as to whether or not Dore is a necessary party defendant must be determined by the allegations of the complaint. The only allegation by which it is attempted to show that Dore has any interest in the action will be found in paragraph 22, pages 54 and 55, of the complaint. It is there stated that he is a party interested in the estate of H. S. Burton, deceased, that he is the owner and holder of a lien by way of a mortgage upon said Rancho Jamul, and that there is due thereon the sum of $12,000 and over, and that he is also a creditor of the estate of Wallace Leach, deceased (not Burton), in a large amount of money, and that he advanced money to the Burtons to enable them to have the title to the Rancho Jamul confirmed. Not one of the facts stated shows, according to counsel, or tends to show, that Dore has any interest in this litigation adverse to the plaintiffs; on the contrary, it appears that, if he has any interest in the subject matter of this action, his interest is the same as that of the plaintiffs. He is, therefore, not a necessary or a proper party defendant.

Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiffs, or who is a necessary party to a complete determination or settlement of the questions involved therein: Code Civ. Proc., sec. 379.

It will, therefore, be seen that in order to make a person a proper party defendant it must appear that such party has, or claims, an interest in the controversy adverse to the plaintiff, or that he is a necessary party to a complete determination or settlement of the question involved therein. Even a cursory reading of the complaint in this action will show, according to counsel, that the interest of Dore, if he has any, is not adverse to those of the plaintiffs; and that he is, in no sense, a necessary party to a complete determination of any of the questions involved in this action. There is no question presented for decision which cannot be completely determined and settled without the presence of Mr. Dore: Code Civ. Proc., sec. 382.

But inasmuch as he was not a necessary party plaintiff, he could not, in this case, have been made a proper party defendant by showing that he had refused to join plaintiffs in bringing the action. There is, however, no attempt to show that he did so refuse to join.

In the recent case of London, Paris and American Bank v. Smith, 101 Cal. 415, 35 Pac. 1027, the supreme court elaborately discusses the question of necessary and proper parties.

In the opinion in that case the court quotes with approval the language of Chancellor Wallworth in Bailey v. Inglee, 2 Paige, 279, which is as follows: "Persons are necessary parties where the defendants already before the court have such an interest in having them made parties as to authorize those defendants to object to proceeding without such parties."

There could be no pretense that any of the defendants could object to proceeding with the case on the ground that there could not be a complete determination of the matters in controversy without uniting Mr. Dore as a party defendant. Nor does the complaint state, or attempt to state, any cause of action against Mr. Dore, or ask for any relief against him, or which could, in any manner, affect his interests; and the same is true as to the defendant Maggie McNealy.

Mr. Hunsaker insists that there is nothing in the objections urged by counsel for plaintiffs and Mr. Dore upon the oral argument, and attempted to be sustained by the decisions of the supreme court in the cases of Pieper v. Centinelo Land

Co., 56 Cal. 173; Remington Sewing Machine Co. v. Cole, 62 Cal. 311.

― In those cases, at least one of the necessary parties defendant resided in the county in which the action was commenced. Speaking of these cases, Mr. Justice McFarland, in the case of McKenzie v. Barling, 101 Cal. 459, 36 Pac. 8, said: "Therefore, as defendant Barling resided in Fresno county, the latter is not an improper county for the trial. And it has been settled that where, in a case commenced under section 395 of the code, any of the defendants reside in the county in which the suit is brought, a motion to change the place of trial to a county in which others of the defendants reside will not be granted, unless all of the defendants join in the motion, unless good reason is shown why they have not so joined."

When an action is commenced in a county in which none of the necessary parties defendant reside, the action is not brought in the proper county, and it is not necessary that all of the defendants should join in the motion to have the place of trial changed to the proper county. Where, however, one or more of the defendants reside in the county in which the action is commenced, it is not commenced in an improper county, and it is then necessary that all of the defendants should join in the motion to change the place of trial. It, therefore, makes no difference in this case, claims Mr. Hunsaker, the action having been brought in an improper county, whether the defendant McNealy is a necessary and proper party defendant.

The right of the moving defendants to have the place of trial removed to a county in which some of them resided at the time of the commencement of the action is absolute, as no necessary or proper party defendant resides in the county where the action was commenced, and this right cannot be affected or defeated by the failure of any of the defendants residing in the proper county to join in the motion.

To recapitulate the points made for the motion by the counsel, Mr. Hunsaker:

1. The defendants making this motion are entitled to an order changing the place of trial under the provisions of section 392 of the Code of Civil Procedure.

2. If mistaken in this contention, they are clearly entitled to such change under the provisions of section 395.

3. That neither Mr. Dore nor Maggie McNealy is a necessary party defendant, and that the rights of the other defendants cannot be defeated by their failure to join in this motion.

Since the presentation of these views the supreme court has rendered an opinion which, it seems to Mr. Hunsaker, is a complete answer to the arguments of his adversaries made upon the hearing of the motion: Bailey v. Cox, 102 Cal. 333, 36 Pac. 650.

It will be observed that the opinion prepared by Commissioner Searles, and adopted by Justice Paterson, is rested upon two grounds, namely: (1) That the action, which was one brought to set aside and annul certain mortgages, is one relating to an estate or interest in real property; and (2) That the defendant Tuohy, being the only defendant against whom any relief is sought, and not being a resident of the county in which the action was instituted, had a right to have the place of trial changed to the proper county. In this opinion, Chief Justice Searls, in distinguishing the case then under consideration from Smith v. Smith, 88 Cal. 572, 26 Pac. 356, uses this language:

"1. Here the primary and principal object of the action is to attack and annul the lien of two mortgages upon the ground that they were conceived and brought forth in fraud of the rights of the plaintiff and other stockholders in the corporation defendant.

"2. In the present case, the only defendant whom plaintiff shows himself entitled to any practical relief is John Tuohy, who is shown to be a resident of the county to which the trial is sought to be changed.

"It is true that a considerable number of the defendants are residents of the county of Santa Clara, but they are made defendants without any other allegation in the complaint relating to them than that they are stockholders in the corporation defendant. As such they are proper but not necessary parties to the action.

"The defendants, John Tuohy, Cox, Wood and De Witt, according to the allegations of the complaint, planned and

executed the fraud, but the defendant Tuohy reaped the fruits of it, and practically the only relief sought is against him; but if it be conceded that the relief sought is against them all and includes the other officers of the corporation defendant, the fact still remains that no defendant against whom any relief is sought is shown to reside in the county of Santa Clara.''

In the separate concurring opinion signed by Justices Harrison and Garoutte, the right of the defendant to a change of place of trial is based upon the second ground above stated, the last-named justices saying: ''We concur in the judgment upon the ground that the defendant Touhy is the only defendant against whom any relief is sought, and being a resident of Tulare county, has the right to have the case tried in that county. The action is a personal action for the purpose of surcharging the indebtedness secured by the mortgages, and does not involve the determination of any right or interest in lands.''

It is evident upon and from an examination of the complaint that the primary object of the same is to obtain the judgment and decree of this court setting aside certain orders of the superior court of San Diego county, made in probate, and a stipulation affecting such orders, upon the ground of collusion and fraud on the part of certain defendants.

The basis of the cause of action being collusion and fraud, it cannot be construed to be for the recovery of real property, or for the recovery of an estate or interest therein, or for the determination in any form of such right or interest, nor can it be said to be within any of the provisions of section 392, Code of Civil Procedure.

The respective rights and interests of each of the parties having an interest by title or otherwise in the Rancho Jamul, will not by the decree in this case be disturbed, much less be determined in any form: Smith v. Smith, 88 Cal. 575, 579, 26 Pac. 356; Clark v. Brown, 83 Cal. 181, 23 Pac. 289.

In the case of Sloss v. De Toro, 77 Cal. 132, 19 Pac. 233, relied upon by counsel for motion, a sale had been had, deed executed, and a livery of seisin. The relief asked was to set

aside the sale and deed as fraudulent, which necessarily involved a question of interest in real property.

The case of O'Neil v. O'Neil, 54 Cal. 187, was an action to determine rights to real estate, and determined only the right of several defendants, even against the wishes of his codefendants, to have the trial had in the county in which the land was situated.

The defendant, Maurice Dore, is a necessary and proper party to this suit, because (1) he is a creditor of the estate of Burton and of the estate of Leach; (2) as a creditor the court of San Diego county would entertain his objections to the enforcement of the stipulation; (3) he is not a party to the stipulation, notwithstanding he is interested in the subject matter thereof; (4) he might bring action to set aside the stipulation and orders upon the ground of fraud; (5) if not a party to the suit he would not be bound by the decree of this court and could hereafter assert his rights by another action; (6) he is a necessary party to a complete determination or settlement of the question involved: Code Civ. Proc., sec. 379.

All the defendants must join in the motion to change venue when made under section 395, Code of Civil Procedure: Pieper v. Centinela Land Co., 56 Cal. 173; Remington Sewing Machine Co. v. Cole, 62 Cal. 311; Rathgeb v. Tiscornia, 66 Cal. 96, 4 Pac. 987.

The primary and principal object of the action in Bailey v. Cox was to attack and annul a lien of two mortgages obtained by an alleged fraud, while in this case the object is to annul a stipulation and orders obtained by an alleged fraud.

Notwithstanding the mortgages were upon their face an existing lien upon the property described therein, still, the court (two or three judges constituting department one), hold that action to be a personal action and apply the provisions of section 395, and concur in the judgment upon the ground of residence.

Bailey v. Cox does not conflict with Smith v. Smith, 88 Cal. 572, 26 Pac. 356, but affirms the same.

It may be repeated and amplified that defendant Dore is a necessary party to a complete determination or settlement of the question involved under section 379, because:

1. He is a creditor, and although his interest in the controversy may not be adverse to the plaintiffs, in setting aside the orders and stipulation, yet he is a necessary party to determine completely their validity as against him, and thereafter his interest is adverse to the plaintiff.

2. Without Dore, the decree entered would not estop him from seeking relief and would thereby encourage a multiplicity of suits, which courts of equity seek to avoid.

3. The proofs introduced by plaintiffs might be sufficient to set aside the orders and stipulations as far as plaintiffs are concerned, and be insufficient to grant Dore relief, and unless he is heard in this case, he would be compelled to bring suit to preserve his rights.

4. The object of the action is to set aside the stipulation and orders as to any and all persons interested therein, so that a complete adjudication of the matters involved may be had, and the question of validity or invalidity as to all persons interested determined.

Mrs. McNealy is a necessary party, as executrix and as an individual, and does not join in this motion, but, on the contrary, has filed her opposition and objections to the granting of the motion, which opposition and objections are herein inserted as follows:

"[Title of Court and Cause.]

"I am one of the defendants in this action. I do not desire a change of venue in this case from the city and county of San Francisco to the county of San Diego. I am opposed to the granting of a motion for a change of venue. I am a resident of the city of San Diego, county of San Diego. I have appeared in said action and demurred to the complaint herein.

"MAGGIE McNEALY.

"MAGGIE McNEALY,

"As Executrix of the Last Will and Testament of Wallace Leach, Deceased."

"[Title of Court and Cause.]

"Maggie McNealy, and Maggie McNealy, as executrix of the last will and testament of Wallace Leach, deceased, defendants herein, by her attorneys, object to the granting of the motion to change the place of trial of this action to the county of San Diego, California, upon the following grounds:

"1. That this action is not for the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest, or for injuries to real property, and is not for the partition of real property nor for the foreclosure of any lien or mortgage on real property, and is not within any of the provisions of section 392 of the Code of Civil Procedure of this state.

"2. That the defendant Maurice Dore now is and was at the time of the commencement of this action a resident of the city and county of San Francisco—the proper county for the trial in this cause.

"3. That the defendants, Maggie McNealy, executrix of the last will and testament of Wallace Leach, deceased, and Maurice Dore, each of whom are necessary and material parties and interested therein, have not and do not join with said moving defendants to change the venue hereof.

"4. That each of the affidavits filed herein by the defendants making this motion are insufficient in fact and law to order such change, or any change of venue, in this:

"(a) The facts expected to be proved are not stated in either of said affidavits.

"(b) The facts that each witness is expected to prove are not stated therein.

"(c) The affidavits do not show that each and every witness named therein is a necessary witness, and that without the testimony of each of said witnesses, said defendants cannot safely proceed to trial in this court.

"(d) The affidavits or either of them do not state that the defendants moving disclosed to their attorney the facts which they expect to prove by each witness and that they were advised by their counsel that the evidence of each witness named is material and necessary.

"(e) The affidavits do not show that the evidence of each witness named is not cumulative, or that said defendants cannot prove the same facts by any other witness."

After careful consideration of the arguments of respective counsel, I am of opinion that the motion herein should be, and it is, denied.