[No. 18231.   Department Two.—February 28, 1894.]

# W. H. McKENZIE et al., Respondents, *v.* A. D. BARLING et al., Appellants.

Change of Place of Trial—Residence of Defendants.—Where one of the defendants resides in the county in which the action is brought, that county is not an improper county for the trial, and the fact that the remainder of the defendants reside in another county does not entitle them separately to move to change the place of trial to the county in which they reside.

Id.—Joinder in Motion.—Where any of the defendants reside in the county in which the suit is brought a motion to change the place of trial to a county in which others of the defendants reside will not be granted, unless all of the defendants join in the motion, or unless good reason is shown why they have not so joined.

Id.—Parties—Consent of Resident Defendant—Insolvency.—Where it sufficiently appears upon the face of the complaint that a defendant residing in the county where the suit is begun is not a proper and necessary party to the action the other defendants may have the trial changed to the county where they reside, without the consent of the resident defendant; but where the complaint states the same cause of action as to all the defendants, the fact that the resident defendant is alleged to have commenced proceedings in voluntary insolvency, and that he is sought to be charged with the indebtedness as having been contracted in a fiduciary capacity, does not render him a nominal defendant, or entitle the other defendants to have the place of trial changed without his consent.

Id.—Affidavits on Motion—Conflict.—Where the affidavits used upon a motion to change the place of trial go mostly to the merits of the action, and all the statements therein are controverted by conflicting affidavits, the ruling of the court in denying the motion will not be reversed upon appeal.

Appeal from an order of the Superior Court of Fresno County denying a motion for change of place of trial.

The facts are stated in the opinion of the court.

*L. L. Cory,* for Appellants.

*J. P. Strother,* and *Strother & Webb,* for Respondent.

McFarland, J.—This is an appeal by some of the defendants from an order of the superior court denying their motion for a change of the place of trial.

The action was brought against the defendants, Bar-

ling, Cohen, W. F. Beck, and Alfred Beck, to recover a money judgment. The complaint avers that the defendants were partners in the business of receiving raisins, preparing them for market, and selling them— the profits to be divided with those furnishing the raisins in the raw state; that plaintiffs furnished them certain raisins which defendants prepared and sold for a certain amount of money; and that defendants refuse to pay plaintiffs any part of said money, etc. The suit was commenced in Fresno county. The defendants, Cohen and the two Becks, moved the court for a change of venue to Alameda county, upon the ground that Alameda and not Fresno is the "proper" county for the trial, because said defendants, Cohen and the Becks, reside in Alameda county. It is admitted, however, that the residence of the defendant Barling is in Fresno county.

We do not think that the court erred in denying the motion. In the first place, it cannot be said that under the general provision of the statute Fresno was "not the proper county for the trial"; for the provision is that, in cases like the one at bar, "the action must be tried in the county in which the defendants, *or some of them* reside." (Code Civ. Proc., sec. 395.) Therefore, as defendant Barling resided in Fresno county, the latter is not an improper county for the trial. And it has been settled that where, in a case coming under section 395 of the code, any of the defendants reside in the county in which the suit is brought, a motion to change the place of trial to a county in which others of the defendants reside will not be granted unless all of the defendants join in the motion, or unless good reason is shown why they have not so joined. (*Pieper* v. *Centinela Land Co.*, 56 Cal. 173; *Remington S. M. Co.* v. *Cole*, 62 Cal. 311; *Fickens* v. *Jones*, Parker's Cal. Dig., p. 83—not reported in Cal. Reports, but cited in *Pieper* v. *Centinela Land Co.*, 56 Cal. 173. See, also, *Sailly* v. *Hutton*, 6 Wend. 508; *Legg* v. *Dorsheim*, 19 Wend. 700; *Simmons* v. *McDougall*, 2 How. Pr. 77.)

This rule has not been overturned by any of the cases cited by appellant. In *O'Neil* v. *O'Neil*, 54 Cal. 187, the action was brought in San Francisco to determine the rights of the parties to certain land situated in Sacramento and Yolo counties. San Francisco was clearly *not*, in any sense, the proper county for the trial; and it was properly held that either defendant had the right to have the action tried in the county where the land was situated. In that case the rights of the defendant rested on section 392 of the Code of Civil Procedure as was stated by the court in *Pieper* v. *Centinela Land Co.*, 56 Cal. 173. As to the other cases cited by appellant on the point, *Rathgeb* v. *Tiscornia*, 66 Cal. 96, and *McSherry* v. *Pennsylvania C. G. M. Co.*, 97 Cal. 637, were cases in which no one of the defendants resided in the county where the action was brought; and *Sayward* v. *Houghton*, 82 Cal. 628, was a case where it appeared from the complaint that the defendant residing in the county was not a necessary party to the action, and had no interest in its result.

Where it sufficiently appears upon the face of the complaint that the defendant residing in the county where the suit was begun is not a proper and necessary party to the action, the other defendants may, no doubt, have the trial changed to the county where they reside without the consent of the resident defendant; but such is not the fact here. The complaint states the same cause of action against all of the defendants. Appellants contend that Barling is a mere nominal defendant because it appears that he has been declared an insolvent. With respect to that matter, the complaint does state that Barling had commenced proceedings in voluntary insolvency, and that an order had been made adjudging him an insolvent debtor; and in that connection it is averred that the said proceedings are still pending, and no decree of discharge has been made; that the indebtedness sued for in the case at bar was incurred in a fiduciary capacity and cannot be discharged; and that this present action is prosecuted by leave and upon

an express order of the court in which said insolvency proceedings are pending. But these averments do not show that Barling was an improper or unnecessary party to the action. We are not called upon to inquire, at this stage of the case, whether the indebtedness sued on was contracted by the defendants in a fiduciary capacity or whether a general discharge of Barling from his debts would be a good defense to this action; because he, alone, could set up such a defense.

There is in the record an affidavit on the part of appellants that certain averments of the complaint, to the effect that Barling was a partner of appellants, are false; that Barling has no interest in the suit; and that he was made a defendant merely to prevent appellants from getting a change of place of trial. There is, also, an affidavit on the part of respondents controverting all the statements of appellants' affidavit. These matters go mostly to the merits of the action, and it could hardly be expected that a court would dispose of them upon affidavits made on a motion for change of place of trial. At all events, we could not disturb the ruling of the court below in the premises, for the evidence was certainly conflicting in a marked degree.

The order appealed from is affirmed.

Fitzgerald, J., and De Haven, J., concurred.