[No. 18209.    Department One.—March 1, 1894.]

LOUIS T. QUIGLEY ET AL., RESPONDENTS, *v.* CHARLES E. GILLETT ET AL., APPELLANTS.

MINING CLAIMS—DETERMINATION OF ADVERSE CLAIM—PROCEEDINGS IN LAND OFFICE—EVIDENCE—HARMLESS RULING.—In an action brought to determine the adverse claims of the parties to the right of possession of mineral land, the court has nothing to do with the proceedings in the land office, and no power to determine as to their regularity or irregularity, sufficiency or insufficiency; and the overruling of an objection to the insufficiency of a protest filed by the plaintiffs in the land office, and its admission in evidence, cannot be a prejudicial error.

ID.—OFFER OF EVIDENCE—RESERVOIR SITE—PARTIES.—An offer of the defendants to prove that the lands in controversy were located as a reservoir site by a corporation not a party to the action, and under which neither of the parties claim any interest, is properly rejected as irrelevant and immaterial.

ID.—RIGHTS OF PERSONS NOT PARTIES—JURISDICTION.—The court has no power to determine as to the rights of reservoir claimants not before the court.

ID.—FAILURE TO DO ANNUAL WORK—FORFEITURE—RELOCATION—BURDEN OF PROOF.—One who claims under a relocation for failure to do annual work by the locators of a prior valid location has the burden of establishing the forfeiture upon clear and convincing proof of the failure of the former owners to have the work performed or improvements made to the amount required by law.

ID.—INSUFFICIENCY OF EVIDENCE—BILL OF EXCEPTIONS—PRESUMPTION UPON APPEAL.—Where the bill of exceptions merely states that no competent evidence was offered by the defendants tending to show that any assessment work required by the act of Congress or the local laws of the mining district had been performed on their mining claim for two years after its location, or at any time prior to the location of plaintiff's claim, and the record is silent as to whether any evidence was offered by the plaintiffs showing that no work was done on the claim, it must be presumed upon appeal that no such evidence was offered, and that the bill of exceptions contains all the evidence upon the points specified; and a finding that the defendants, during the year prior to the location of plaintiffs, did not perform any work or labor upon their claim is against the evidence.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin,* and *C. N. Harris,* for Appellants.

The burden of proof was not upon defendants to show that they had represented their claim in 1890. It devolved upon plaintiffs to show that they had not. Each party must prove his own affirmative allegations. (Code Civ. Proc., sec. 1869.) Defendants showed a valid location made prior to the attempted relocation of plaintiffs. This showed defendants entitled to the possession until it was established by allegation and proof that the location had been forfeited and a valid entry thereafter made. (*Renshaw* v. *Switzer,* 6 Mont. 464; *Morenhaut* v. *Wilson,* 52 Cal. 268; *Du Prat* v. *James,* 61 Cal. 362; *Steel* v. *Gold Lead M. Co.,* 18 Nev. 87; *Colman* v. *Curtis,* 30

Pac. Rep. 266; *Gropper* v. *King,* 4 Mont. 369.) The court erred in refusing to allow defendants to show the location of the land in dispute as a reservoir site, and the construction and maintenance of a reservoir thereon, such a location and construction having been made prior to the location by plaintiffs, the land was not open to be located by them. (26 U. S. Stats. at Large, 391.)

*C. E. McLaughlin,* and *P. O. Hundley,* for Respondents.

The defense of ownership by location, transfer, and compliance with law is affirmatively pleaded in the answer, and defendants were bound to prove their own affirmative matter. (Code Civ. Proc., sec. 1869; *Golden Fleece Co.* v. *Cable Con. Co.,* 12 Nev. 320–23; *Scorpion Co.* v. *Marsano,* 10 Nev. 379; *Steel* v. *Gold Lead Co.,* 18 Nev. 87; *Woods* v. *Sawtelle,* 46 Cal. 389; *Rose* v. *Richmond M. Co.,* 17 Nev. 52; *Anthony* v. *Jillson,* 83 Cal. 300, 301; *Cadierque* v. *Duran,* 49 Cal. 358.)

The COURT.—This action was brought to determine the adverse claims of the parties to the right of possession of certain placer mining land in the county of Plumas.

The complaint alleged in substance that on the twenty-first day of March, 1891, the land in controversy "was, ever since has been, and now is, gold-bearing public mineral land of the United States," and that on the day named four of the plaintiffs and three other persons, the grantors of one of the plaintiffs, all of whom were then citizens of the United States, entered upon, took possession of, and located the same as a placer mining claim, which they designated and called the Fortuna placer mining claim, and that they and their successors in interest have ever since remained and are entitled to remain in the possession thereof; that on the fourth day of November, 1891, the defendants filed in the proper United States land office their application for a patent for the Diana placer mine, and included within their application the whole of the land and

premises located as aforesaid by the plaintiffs and their grantors, and that defendants claim the whole of the said land adversely to the plaintiffs, and to be entitled to the exclusive possession thereof; that the register of the land office duly posted and published a notice of the said application, and that on January 2, 1892, within the time allowed by law and the said notice, plaintiffs filed with the said register their adverse claims for the said lands, and their protest against the issuance of a patent to the defendants, or either of them, for the same; that the claim of defendants is without right, and that they are not, nor is either of them, entitled to the possession of the said land, or any part thereof, adversely to the plaintiffs.

The answer denied, among other things, that on the 21st of March, 1891, the lands described in the complaint, or any part thereof, were, or ever since have been, or now are, gold-bearing public mineral lands of the United States, and alleged that long prior to the time stated the assignors of the defendant, Charles E. Gillett, entered upon the said lands, which were at that time free and open to exploration and purchase by citizens of the United States and those who had declared their intention to become such, and under regulations prescribed by law, and according to the local customs of miners, proceeded to and did locate the same as a mining claim, and at the time of such location were citizens of the United States; that afterwards they entered into the possession and occupation of the said lands and every part thereof, and remained in such possession and occupation in accordance with the laws of the United States governing the holding of mining claims, until they conveyed the same to this defendant, since which time he has occupied and held the same in conformity with such laws; denied that on the second day of January, 1892, or at any other time, plaintiffs filed with the register of the land office any sufficient adverse claim for the premises in controversy, or protest against the issuance of a patent therefor to the

defendant, and alleged that neither the plaintiffs, nor either, or any, of them, have, or ever had, any right, title, interest, or estate in and to the said premises.

The case was tried by the court, without a jury, and the findings were that on the twenty-first day of March, 1891, the lands described in the complaint were gold-bearing public mineral lands of the United States, and were located by the plaintiffs and their grantors, in every respect as required by law and the local customs, rules, and regulations of miners, as a placer mining claim, under the name of the Fortuna placer claim, that on the day named the locators were citizens of the United States, and ever since have been, and now are, the owners of, in the possession of, and entitled to the possession of, the said lands, and every part thereof; that on the seventh day of August, 1889, the grantors of the defendant, Charles E. Gillett, entered upon and located, in all respects as required by law and the local customs, rules, and regulations of miners, the lands and premises described in their complaint, under the name of the Diana placer mining claim, and each of them was then a citizen of the United States; that during the year 1890 neither the defendants nor their predecessors in interest did or performed, or caused to be performed, any work or labor upon said Diana placer claim, in the development thereof, or otherwise, or at all.

Judgment was accordingly entered that the plaintiffs were the owners of, and in the possession and entitled to the possession of, all the lands and premises described as the Fortuna placer mining claim, and that the defendants were not entitled to the exclusive or any possession of said lands adversely to plaintiffs.

From this judgment the defendants have appealed, and the case is brought here for review on a bill of exceptions, which contains specifications to the effect that each of the findings above referred to, except that as to the location made August 7, 1889, was not justified by the evidence.

1. The protest filed by plaintiffs in the land office was headed: " In the matter of the application of Thomas B. Ludlum, as the attorney in fact of Charles E. Gillett, for a United States patent for the ' Diana placer mine,' or mining claim, and the land and premises appertaining to said mine, situated in an unorganized mining district in Plumas county, state of California," and it is claimed by appellants that the paper did not constitute a sufficient protest, and therefore the court erred in admitting it in evidence over their objection. We see no prejudicial error in the ruling complained of. The action was brought "to determine the question of the right of possession" of certain mining land, and that was the only question involved. The court had nothing to do with the proceedings in the land office, and no power to determine as to their regularity or irregularity, sufficiency, or insufficiency.

2. The defendants offered to prove that the lands in controversy were located as a reservoir site in May, 1881, by a corporation, but did not offer to show that any of the parties to this action, or their grantors, were connected with or interested in the said reservoir site or the said corporation. The offered evidence was objected to by the plaintiffs as irrelevant and immaterial, and was properly excluded by the court. The reservoir claimants, if any there were, were not before the court, and it had no power to determine as to their rights.

3. The statute provides that: " On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year; . . . . and upon a failure to comply with these conditions the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives have not resumed work upon the claim after fail-

ure and before such location"; and "provided that the period within which the work required to be done annually on all unpatented mineral claims shall commence on the first day of January succeeding the date of location of such claim." (U. S. Rev. Stats., sec. 2324, as amended January 22, 1880.)

The bill of exceptions states that: "No competent evidence was offered by the defendants, showing, or tending to show, that any assessment work required by the act of Congress or the local laws of the mining district, or that any work of any character for developing the 'Diana placer mining claim,' had been done or performed on the said claim by the defendants or any one else for them between the seventh day of August, 1889, the time of its location, and the eighth day of September, 1891, or at any time prior to the location of the 'Fortuna placer mining claim,' or that the defendants had resumed work prior to the eighth day of September, 1891."

The record is silent as to whether any evidence was offered by the plaintiffs showing that no work was done on the claim between the dates above named, and, in view of the specifications, it must be presumed that none was offered, the presumption on appeal being that the statement or bill of exceptions contains all pertinent evidence upon points specified, although the record does not show affirmatively that such is the case. It must be assumed, therefore, that the findings of the court that no work was done by the defendants or their predecessors in interest during the year 1890, and that the said lands were public mineral lands of the United States in March, 1891, were based upon the theory that the burden was on defendants to show that sufficient work was done to meet the requirements of the statute, and that in the absence of such showing the findings must be against them.

The question then arises, was this theory correct, and were the findings referred to justified? The evidence shows, and the court found, that the location of August

7, 1889, was a valid location made in all respects as required by law. This being so, the ground located became the property of the locators, and could not be relocated until they lost, abandoned, or forfeited their rights to it. As said in *Belk* v. *Meagher*, 104 U. S. 284, 285: "A mining claim perfected under the law is property in the highest sense of that term, which may be bought, sold, and conveyed, and will pass by descent. . . . . The language of the act is that the locators 'shall have exclusive right of possession and enjoyment of all the the surface included within the lines of their locations,' which is to continue until there shall be a failure to do the requisite amount of work within the prescribed time. . . . . The right of location upon the mineral lands of the United States is a privilege granted by Congress, but it can only be exercised within the limits prescribed by the grant. Any attempt to go beyond that will be of no avail. Hence a relocation on lands actually covered at the time by another valid and subsisting location is void; and this not only against the prior locator, but all the world, because the law allows no such thing to be done."

The question as to which side has the burden of proof in a case like this, where it is claimed that a prior valid location has been lost or forfeited by a failure to do the necessary work, arose directly and was passed upon in *Hammer* v. *Garfield Mining Co.*, 130 U. S. 292. That was a suit to quiet the plaintiff's title to a lode mining claim in Montana. The complaint alleged that the plaintiff was a corporation duly organized, etc., that it was the owner of a certain quartz lode, known as the Garfield lode or mining claim, and that it and its predecessors in interest had been in the possession of, and entitled to, the lode ever since its discovery and location; that notwithstanding its right to the possession, the defendant, Hammer, on or about the 1st of January, 1883, assumed to enter upon the premises and relocate the same, and that he pretended to claim an interest or estate therein adversely to the plaintiff, and

had made application to the local United States land office for a patent therefor, and that the plaintiff had duly filed in that office its adverse claim to the premises.

The answer of Hammer denied that the plaintiff was the owner of the lode described, or of any part thereof, or that it was then, or had been for a long time, in possession thereof. And it set up that on the first day of January, 1893, one Wolf entered upon the premises described, the same being then vacant mineral land of the United States, and discovered thereon a vein or lode of quartz-bearing silver and other precious metals, which he located in accordance with the requirements of the law; that afterwards the defendant became the purchaser of the premises from Wolf, and had ever since been the owner and entitled to the possession thereof; and that whatever claim the plaintiff ever had to them became forfeited before the 1st of January, 1883, since which time he had not had any estate, title, or interest therein or possession thereof.

The court, Mr. Justice Field delivering the opinion, said: "The answer does not distinctly put in issue the validity of the original location; it confines its traverse to the existing right and ownership of the plaintiff in the whole of the mining claim, to its long possession of the premises, and to the possession of the plaintiff and its predecessors since the discovery and location of the mining claim, and then sets up the alleged forfeiture of the claim by the plaintiff and the defendant's relocation of it. . . . . As to the alleged forfeiture set up by defendant, it is sufficient to say that the burden of proving it rested upon him; that the only pretense of a forfeiture was that sufficient work as required by law, each year, was not done on the claim in 1882. . . . . A forfeiture cannot be established except upon clear and convincing proof of the failure of the former owner to have work performed or improvements made to the amount required by law."

That decision is decisive of the question in hand and must be followed since the court rendering it has juris-

diction to review all cases like this, when the amount in controversy is sufficient. (*Chambers* v. *Harrington,* 111 U. S. 350.)

It follows that the theory on which the court below acted was not correct, and the findings complained of were not justified by the evidence. The judgment must therefore be reversed, and the cause remanded. So ordered.