[Civ. No. 535. Third Appellate District.—May 13, 1909.]

ORRIN S. HENDERSON, Respondent, v. A. H. COHEN, W. G. COHEN, E. G. COHEN, and W. F. KING, Appellants.

CHANGE OF PLACE OF TRIAL—NONRESIDENCE OF DEFENDANTS—NOTICE OF MOTION—SPECIFICATION OF MISJOINDER OF NOMINAL DEFENDANT TO PREVENT CHANGE ESSENTIAL.—Upon a motion made by two out of three defendants to change the place of trial to the place of residence of all three defendants, when the notice includes only the ground that all of them are nonresidents and residents of the same county, and does not specify that the third defendant is only a nominal party not interested in the action, and was improperly or fraudulently misjoined to prevent a change of the place of trial, such specification was essential to present that question for proof, and it is not raised as a ground of the motion.

ID.—DEPOSITION BY THIRD DEFENDANT FOR PLAINTIFF—SHOWING OF AGENCY—QUESTION OF WAIVER OF NOTICE OF MOTION.—When the plaintiff introduced a deposition of the third defendant to prove the case upon the merits, in which he testified that he was a resident of the county, such deposition must be considered on the subject of the change of the place of trial for all purposes; and where it showed that he was acting in the county of the venue as the agent and trustee of the other defendants, if it conclusively showed that he was improperly joined as a party defendant, the objection to the form of the notice of motion as not including that question would be deemed waived.

ID.—FACTS SHOWING PROPER JOINDER OF THIRD DEFENDANT.—Where the deposition shows that the cause of action is in the main correct, and that the balance claimed is approximately correct, and has not

been paid, and that the witness contracted most of the items as agent for the other defendants, but the affidavit of merits alleges a meritorious defense to the action, which could only be based upon a want of authority of the agent to incur the account, it does not clearly appear that the third party is not a proper party to the action, and under the circumstances, plaintiff acted properly and pursued the safest course in joining him as a codefendant.

ID.—CONFLICTING AFFIDAVITS AS TO NONRESIDENCE OF THIRD DEFENDANT —DECISION OF TRIAL COURT CONCLUSIVE.—Where the affidavits are conflicting as to the nonresidence of the third defendant, the decision of the trial court that he is a resident of the county of the venue is conclusive, and since he is a proper party defendant, the court properly denied the motion of the other two defendants for a change of the place of trial to the county of their residence, in pursuance of section 395 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of San Joaquin County refusing to change the place of trial. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

James H. Creely, for Appellants.

A. H. Carpenter, for Respondent.

HART, J.—The court below made an order declining to grant the motion of the defendants for a change of the place of trial, and this appeal is taken by said defendants from said order.

The defendants appeared and demurred to the complaint specifically and generally, and at the same time filed an affidavit of merits and the demand required by section 396 of the Code of Civil Procedure and gave notice of their intention to move for a change of the place of trial to the county of Alameda.

The action was instituted for the purpose of recovering against the appellants judgment for the sum of $498.15, alleged to be originally due and owing the assignors of plaintiff for furnishing materials and for services rendered to the defendants "in repairing and building wagons, vehicles and other personal property."

The grounds of the motion, as set forth in the notice, were the following: "That the County of San Joaquin, State of

California, is not the proper county for the trial of said action and that the County of Alameda, State of California, is the proper county for the trial of said action; that the defendants are not, and never have been, residents of said County of San Joaquin, but that they are now, and were at the time of the commencement of this action and long prior thereto had been residents of the County of Alameda, State of California.''

The affidavit of the defendant' W. G. Cohen alleges that the defendants were, at the time of the commencement of the action, and long prior thereto had been, ''and now are residents of the County of Alameda; that affiant and the other defendants have fully and fairly stated all the facts of the case to J. H. Creely, the counsel and attorney of said defendants and affiant, and the said J. H. Creely, residing and having an office in the City of Oakland, State of California, and after such statement, this affiant and the other defendants are advised by their attorney that they have a good and substantial defense upon the merits of the action, which this affiant and the other defendants verily believe to be true. . . . Affiant further alleges that W. F. King, who is named as a defendant herein under the name of W. H. King, is not a real' or necessary party in interest herein, and is merely a nominal party,'' etc.

It has been held that where it is sought to show that a party is in no manner or degree interested in an . action, and is fraudulently joined as a defendant therein for the purpose of preventing the transfer of the action to the proper place for the trial thereof, it is necessary that such alleged fraud should be distinctly specified in the notice of motion before proof addressed thereto may properly be heard. (*McKenzie* v. *Barling,* 101 Cal. 462, [36 Pac. 8]; *McDonald* v. *California Timber Co.,* 151 Cal. 161, [90 Pac. 549].) In the last-mentioned case Chief Justice Beatty says: ''We doubt not that a motion based upon that ground is a proper proceeding, and one that ought in a proper case to be sustained, but we think that where a fraud of that character is the ground of the motion it should be distinctly specified in the notice of motion, and unless so specified that the plaintiff cannot at the hearing of the motion be held bound to support by specific proofs the allegations of his complaint showing a cause of action against the resident defendant.''

The notice of the motion, in the case at bar, it will be observed, does not specify as one of the grounds upon which the motion would be made the fact involved in the claim that King is not a real or necessary party to the action. But the respondent, having caused the deposition of King concerning the merits of the case to be taken, offered and had received in evidence said deposition at the hearing of the motion. King testified that from the month of May, 1906, up to within a short time before the commencement of this action, he was the superintendent of the farm and dairy owned by the other defendants and situated in San Joaquin county; that in that capacity he was authorized to receive, and did receive, all moneys which were paid in for dairy products and for the sale of stock, etc., and that he deposited said moneys in a bank for the Cohens in his own name as trustee; that he was authorized by the Cohens to pay from the fund so established all the expenses of the business, and for that purpose would draw on said fund through the medium of checks, to which he signed his name as trustee; that he had authority to cause to be made such repairs to the wagons and machinery used upon the farm and in connection with the dairy as were found necessary, and to purchase such articles as were requisite to properly carry on the business. He admitted authorizing the services and the purchase of most of the articles itemized in the account upon which this action was brought. Although it does not appear from the deposition that King expressly disclaimed being a proper party to the action, or that he had any real interest in the event of the litigation, the irresistible inference is that his connection with the transactions of which this action is the outgrowth was wholly through his capacity as agent or trustee of the other defendants. While it may scarcely be doubted that this deposition was introduced in evidence on this hearing mainly for the purpose of showing that King was a resident of San Joaquin county at the time this action was brought, it was, nevertheless, before the court in this proceeding for all the purposes it might properly subserve. If, therefore, it could be said that the deposition conclusively showed that King was not interested in any way in the action, and was, consequently, not a necessary or proper party thereto, we are of the opinion that we would be required to hold that, said deposition having been introduced in evidence on this hearing by the plaintiff,

and thus the evidence from which such fact was made to appear being voluntarily furnished by the respondent himself, the latter had waived any right to complain because the notice had omitted to specify as a ground for the change the fact of the improper joinder of King as a party defendant.

But the deposition does not clearly disclose, nor, as far as it goes, is it conclusive upon the proposition, that King is not a necessary or a proper party to the action. King admits, as will be seen upon an examination of the deposition, that the account upon which the action is founded is, in the main, correct, and that the balance claimed to be due is approximately correct and has not been paid. Cohen, in his affidavit, alleges that he has a meritorious defense to the action. King personally contracted most of the items in the account, although, he says, only as the agent of the Cohens. How could plaintiff or his assignors have known in the first instance, and how can they tell now, in view of the declaration of the defendant Cohen that a good defense exists against the cause of action stated in the complaint, but that the Cohens may claim that they did not authorize the account declared upon to be contracted against them, and that King exceeded the scope of his authority in ordering the materials to be furnished and the services to be performed as for them, and was without authority, therefore, to have the items making up the account charged against them? It does not by any means clearly appear from King's deposition that he is not a proper party to the action, and, under the circumstances, we think the plaintiff not only acted properly in joining him but that it was the safest course for him to adopt.

The testimony upon the question as to the residence of King when the complaint in this action was filed is conflicting. King himself declared in his deposition taken on the initiative of plaintiff that he "resided" in and was a "resident" of San Joaquin county at the time of the commencement of the action, and had been such resident from May 20, 1906, up to a short time before the commencement of the action, June 16, 1908. But he contradicts this statement in an affidavit filed on behalf of the defendants in this proceeding, declaring that his residence is and has always been in Alameda county; that he is registered as a voter in said county, and that he and his family were only temporarily in San Joaquin county. L. T. Freitas deposes that he "knows that King is, and was

at the time of the commencement of this action and for a long time prior thereto, a resident of the County of San Joaquin, State of California, and that he is and was not, during any of the time above mentioned, a resident of the County of Alameda.'' Freitas further states that King "acknowledged and stated to affiant that the cause of action set forth in plaintiff's complaint herein was just and should be paid, and that if affiant would take an assignment thereof he would pay it off in monthly payments." Orrin S. Henderson, plaintiff, states in an affidavit that King is and was at the time of the institution of the action a resident of San Joaquin county.

The evidence, it will thus be seen, upon the question of King's residence, is conflicting in a marked degree, and it is, therefore, beyond the power of this court to disturb the ruling of the court below. (*McKenzie* v. *Barling,* 101 Cal. 462, [36 Pac. 8].) "In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established." (*Doak* v. *Buson,* 152 Cal. 18, [91 Pac. 1001], and cases therein cited.)

Section 395 of the Code of Civil Procedure provides that in cases of the class to which the one at bar belongs the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action, and as the court below found upon affidavits presenting facts in which, as stated, there is a substantial conflict, showing that King, one of the defendants, was a resident of the county of San Joaquin at the time that this action was brought, this court must abide by that finding.

The order appealed from is affirmed.

Burnett, J., and Chipman, P. J., concurred.