[Civ. No. 2207.   Third Appellate District.—November 22, 1920.]

JOHN SOURBIS, Appellant, v. F. F. RHOADS et al., Respondents.

[1] PLACE OF TRIAL—MOTION FOR CHANGE—CONFLICTING AFFIDAVITS—APPEAL.—In considering affidavits used on a motion for change of place of trial of a civil action to the county of the residence of the defendants the appellate court is bound by the same rule that controls where oral testimony is presented for review, and if there is any conflict in the affivadits those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established.

[2] ID.—SEVERAL DEFENDANTS—JOINDER IN MOTION.—The consent of a defendant not residing in the county where the action is brought cannot take away from other defendants who do not reside therein the right to have the case transferred to the county of their residence.

[3] ID.—FRAUDULENT JOINDER OF DEFENDANT—DEFEAT OF CHANGE OF PLACE OF TRIAL—PROOF UPON HEARING OF MOTION.—While it is not proper to have a trial of the case on the merits upon a motion for change of place of trial, the moving defendant has the right to show that he is the only real party in interest, and that his codefendant had been joined solely for the purpose of preventing a change of place of trial.

[4] ID.—AFFIDAVIT OF MERITS—SUBSTANTIAL COMPLIANCE WITH STATUTE.—An affidavit of merits declaring that the defendant has fully and fairly stated the case and all the facts to one of his attorneys, and that after such statement he was advised by such attorney and verily believes that he has a good and substantial defense on the merits, is a sufficient compliance with the requirements of the statute.

APPEAL from an order of the Superior Court of San Joaquin County granting change of place of trial. D. M. Young, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Griffin, Boone & Boone for Respondents.

BURNETT, J.—This is an appeal from an order granting the motion for change of the place of trial. The action was brought in San Joaquin County and there were three defendants. Two of these, F. F. Rhoads and Robert L. Dallas, appeared in the action and filed a demurrer and demanded that the action be transferred to Stanislaus County for trial. In support of their demand they filed an affidavit of merits containing an allegation that each was a resident of said county of Stanislaus, and that the other defendant, S. Leon, was not at the time of the commencement of the action or at any time since a resident of said county of San Joaquin. They also based the motion for the change of venue, as provided in section 395 of the Code of Civil Procedure, upon the ground, "That the said S. Leon, was

impliedly joined as a defendant in said action and was made a defendant solely for the purpose of having the action tried where he resides, and that the place of residence of said S. Leon must not and should not be considered in determining the proper county for the trial of the action.''

[1] In considering the affidavits used upon the said motion this court is bound by the same rule that controls where oral testimony is presented for review. ''If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established.'' (*McKenzie* v. *Barling,* 101 Cal. 462, [36 Pac. 8]; *Doak* v. *Bruson,* 152 Cal. 18, [91 Pac. 1001]; *Henderson* v. *Cohen,* 10 Cal. App. 585, [102 Pac. 826].) So considering the affidavits, we must hold that the moving defendants were residents of the county of Stanislaus and that said Leon resided in another county than the one where the action was brought. It was proper, therefore, for the court to grant the motion as contemplated by said section 395, which provides that the action ''*must* be tried in the county in which defendants or some of them reside.''

[2] Nor was it necessary for all of the defendants to join in said motion. It is unimportant that defendant Leon may have been willing to have the action tried in said county of San Joaquin. The language of said section requires the action to be tried in the county in which at least some of the defendants reside. The consent of a defendant not residing in the county where the action is brought could not take away from the other defendants who did not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395. (*Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713, [73 Pac. 588]. See, also, *Ludington Exploration Co.* v. *La Fortuna Min. Co.,* 4 Cal. App. 369, [88 Pac. 290].)

[3] From the allegations of the affidavits the court was also legally justified in concluding that plaintiff had no cause of action against said Leon but that the latter was joined as a defendant solely for the purpose of defeating the right of the other defendants to have the action transferred to the place of their residence. Said section of the code con-

templates a case of that kind and respondents seem to
have brought themselves within the spirit and letter of the
rule. Of course, upon a hearing of this character it is
not proper to have a trial of the cause upon its merits.
This has been clearly decided and must be deemed settled
beyond controversy. The rule, however, does not extend to
the point of precluding the real defendants from showing,
by affidavits or otherwise, that the plaintiff has actually
no cause of action against one of the parties, who was made
nominally a defendant but was joined simply for the fraud-
ulent purpose of depriving the real defendants of their
right to have the action tried in the place of their resi-
dence. If the complaint did not state a cause of action
against a defendant who was a resident of the county where
the action was brought, it is not disputed that the other
defendants could have the action removed for trial to the
place of their residence. (*McDonald* v. *California Timber
Co.*, 151 Cal. 159, [90 Pac. 548].) The same result should
follow, if, notwithstanding the sufficiency of the complaint,
it can be shown that the claim against the resident defend-
ant is a mere pretense and made only for the purpose of
having the action tried in the county where the complaint
is filed. If the contention of appellant should prevail, it
would enable a plaintiff by fictitiously joining a resident
of the county as a defendant with the residents of another
county, who are the real defendants in interest, to prevent
the latter from having the action tried in the county of
their residence. We think it is proper in such proceeding
for the court to permit a defendant who is moving for a
change of venue to make sufficient showing to convince the
court that he, in connection with the plaintiff, is the only
real party in interest in the controversy. Of course, the
court should exercise a wise discretion in passing upon the
question whether the plaintiff has acted fraudulently in
joining another party defendant.

[4] We are satisfied that appellant's claim, that the
affidavit of merits is insufficient, cannot be upheld. The
allegation in that respect is "that I have fully and fairly
stated the case in this cause and all the facts of the case
in this cause and in the above-entitled action to Frank G.
Boone, of Modesto, California, one of my attorneys and
counsel, and who is an attorney at law in good standing

and licensed to practice in all of the courts of the state of California, and who resides as aforesaid in the city of Modesto, county of Stanislaus, state of California, and that after such statement to my said attorney as aforesaid, I am and was advised by my said attorney and verily believe that I have good and substantial defense on the merits to the said action.'' That the above is a sufficient compliance with the requirement of the statute clearly appears from *Watt* v. *Bradley*, 95 Cal. 415, [30 Pac. 557], and *Nolan* v. *McDuffie*, 125 Cal. 334, [58 Pac. 4].

We think no sound reason has been advanced for a reversal and the order is, therefore, affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1921.

All the Justices concurred.