[Civ. No. 763.   Fourth Appellate District.—April 25, 1932.]

HJLMER LAWRENCE MODINE, Respondent, v. MARY MODINE, Appellant.

68

Henry B. Lister for Appellant.

Feemster & Cleary for Respondent.

JENNINGS, J.—The appeal herein is from an order of the superior court denying the motion of defendant to change the place of trial from Fresno County to Alameda County. The ground of the motion was that, at the commencement of the action, the defendant was and ever since has been a resident of Alameda County. The motion was based upon the demand and affidavit of the defendant. The action is for divorce on the ground of desertion.

The motion for change of place of trial was presented to the trial court upon affidavits. The affidavit of defendant contains the following statement:

"All the parties defendant in this action reside in the County of Alameda, State of California, and did so reside at the time of the commencement of this action and ever since."

Plaintiff's affidavit filed in opposition to the motion for change of place of trial contains the following statement:

"That defendant has never at any time established a residence in any county other than the County of Fresno, State of California; that the legal residence of defendant has at all times been the legal residence of plaintiff, namely, the County of Fresno, State of California."

There was thus presented to the court conflicting evidence upon the question of fact which the court had to determine, viz., the residence of defendant. The familiar rule that a finding of fact of a trial court will not be disturbed when the record discloses a conflict in the evidence relating to the finding applies as well when the evidence is presented in the form of affidavits as when it is produced by way of oral testimony (*McKenzie* v. *Barling,* 101 Cal. 459,

462 [36 Pac. 8]; *Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001, 1002]; *Gordon* v. *Perkins,* 203 Cal. 183 [263 Pac. 231]; *Henderson* v. *Cohen,* 10 Cal. App. 580 [102 Pac. 826]; *Smilie* v. *Smilie,* 24 Cal. App. 420 [141 Pac. 829, 830]; *Sourbis* v. *Rhoads,* 50 Cal. App. 98 [194 Pac. 521]). Furthermore, as was said in *Doak* v. *Bruson, supra,* "as error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are to be deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be inferred or presumed from the direct and positive statements". In *Smilie* v. *Smilie, supra,* in which the appeal was from an order of a superior court denying a motion for change of place of trial in a divorce action, the appellate court quoted the above language, remarking that it was "important to be observed in controversies of the present character". The court then proceeded to note that a concurrence of act and intent is required to establish residence. ■ Appellant points out that section 129 of the Civil Code provides that in actions for divorce neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife and that for the purpose of such an action each may have a separate domicile or residence depending upon proof of the fact and not upon legal presumptions. Unquestionably, defendant might have established the fact that her residence was in a county other than that in which the action was instituted and upon demand and proper showing of such fact she would have been entitled to an order changing the place of trial (*Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523]). The only showing made by her in this regard, however, is the bald statement that all parties defendant in the action resided in Alameda County when the action was commenced and have ever since resided there. Opposed to this declaration is the equally bald statement in plaintiff's affidavit that defendant has never at any time established a residence in any county other than that in which the action was commenced and that her legal residence has at all times been the legal residence of plaintiff, namely, the county of Fresno. In support of the trial court's order denying defendant's motion for change of place of trial, it must be assumed that the court found from the slender evidence presented that

defendant's residence was not, as she declared, in Alameda County and since there was some evidence to support such a finding it may not be disturbed.

The order is affirmed.

Barnard, P. J., and Marks, J., concurred.