[Civ. No. 1005. Fourth Appellate District.—January 12, 1933.]

FLORENCE G. THOMMES, Respondent, v. MATTHEW P. THOMMES, Appellant.

J. O. Reavis and E. A. Kine for Appellant.

Harry M. Ticknor and Roland Maxwell for Respondent.

VAN ZANTE, J., *pro tem.*—This is an appeal from an order denying a motion for change of venue. This action was brought in Los Angeles County. The defendant filed a demurrer and a demand that the place of trial be transferred to the county of Kern. The matter was submitted on affidavits of the respective parties, two of which were

submitted by plaintiff and two by the defendant. The trial court denied defendant's motion.

The only question involved in this appeal is the sufficiency of the plaintiff's affidavits. There was no oral or other evidence offered by the parties other than the affidavits. "In considering the affidavits used upon the said motion this court is bound by the same rule that controls where oral testimony is presented for review." (*Sourbis* v. *Rhoads*, 50 Cal. App. 98, at p. 100 [194 Pac. 521].)

The defendant admits the correctness of the above rule, but contends that plaintiff's affidavits do not contain any substantial evidence upon which the trial court could base its order. While we are not called upon to pass on the sufficiency of the defendant's affidavits, as was the trial court, we may observe here that the criticism offered of plaintiff's affidavits can be equally well applied to his affidavits. The affidavits of both parties are lacking in definiteness and particularity and consist to some extent in conclusions of the respective affiants.

The following, omitting the formal parts, are the two affidavits in question: "That she is the plaintiff in the above entitled action; that the defendant Matthew P. Thommes previous to the 12th day of June, 1930, abandoned his residence in the County of Kern, State of California, and came to the City of Pasadena, State of California; that previous to leaving his said residence in the County of Kern, State of California, defendant took the furniture from his then home and abandoned the live stock situated at his place of residence; that thereafter defendant came to the City of Pasadena, California, and entered the employ of John J. Henne in the City of Pasadena, California, and was employed by the said John J. Henne until service of summons and complaint herein on the 17th day of June, 1930; that when defendant came to the County of Los Angeles he brought with him the children of the parties hereto and that the summons and complaint herein were served on the defendant in the City of Pasadena, California, on the 17th day of June, 1930; that affiant is informed and believes and therefore alleges that defendant left his employment in the City of Pasadena and returned to Kern County solely for the purpose of obtaining a change of venue in this action, and that until the time of the service

of the summons and complaint herein on the 17th day of June, 1930, defendant had no intention whatever of returning to Kern County." "That she is the plaintiff in the above entitled action; that on Saturday, June 28, 1930, the defendant herein came to the home of affiant in the City of Pasadena; that on July 8, 1930, affiant saw defendant working in the 800 block on Lincoln Avenue in the City of Pasadena, California; that affiant has been informed by friends and acquaintances that they have seen defendant every day or two in the City of Pasadena since the said 28th day of June, 1930; that affiant is informed and believes and therefore alleges that defendant has been present in the City of Pasadena, California, and has been residing in said city continuously since the 28th day of June, 1930, as well as previously as appears from the affidavit heretofore filed herein by affiant."

The following statements are taken from the foregoing affidavits: "That the defendant Matthew P. Thommes previous to the 12th day of June, 1930, . . . came to the City of Pasadena, State of California; that previous to his leaving his said residence in the County of Kern, State of California, defendant took the furniture from his then home . . . ; that thereafter defendant came to the City of Pasadena, California, and entered the employ of John J. Henne in the City of Pasadena, California, and was employed by the said John J. Henne until service of summons and complaint herein on the 17th day of June, 1930; that when defendant came to the County of Los Angeles he brought with him the children of the parties hereto and that the summons and complaint herein were served on the defendant in the City of Pasadena, California on the 17th day of June, 1930;". "That on Saturday, June 28, 1930, the defendant herein came to the home of affiant; that on July 8, 1930, affiant saw the defendant working in the 800 block on Lincoln Avenue in the City of Pasadena, California;".

█ These statements are not mere conclusions of affiant but are the statements of substantial and probative facts, most of which are practically uncontradicted. It has been held repeatedly by the courts of this state that where there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true and the facts stated therein

must be considered as established. (*Gordon* v. *Perkins,* 203 Cal. 183 [263 Pac. 231]; *McKenzie* v. *Barling,* 101 Cal. 459 [36 Pac. 8]; *Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001]; *Henderson* v. *Cohen,* 10 Cal. App. 580 [102 Pac. 826]; *Sourbis* v. *Rhoads, supra; Smilie* v. *Smilie,* 24 Cal. App. 420 [141 Pac. 829].) The ruling of the trial court is conclusive on appeal.

The order appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.