[Civ. No. 5123. Third Appellate District.—November 5, 1934.]

I. GROOBMAN, Appellant, v. F. M. PFEIFFER, Respondent.

Miller & Kepple for Appellant.

Ware & Ware for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the plaintiff from an order of the trial court denying plaintiff's petition for a change of place of trial, based upon the third subdivision of section 397 of the Code of Civil Procedure. The action was originally instituted in the county of Los Angeles, and thereafter, upon the application of the defendant, transferred to the county of Butte, the residence of the defendant.

The complaint is in three counts, only one of which we need consider. The first count of the amended complaint alleges that in the year 1932, an agreement was made between the plaintiff and the defendant whereby the defendant agreed to purchase walnuts in the Butte County district, of such grade and quality as the plaintiff should instruct the defendant to buy; that thereafter the defendant purchased and delivered to the plaintiff four carloads of walnuts during the season of 1932, representing that said walnuts were of good quality, and of such grade as the plaintiff had ordered; that when the plaintiff received the first carload of walnuts he notified the defendant that the nuts were not of the grade and quality ordered, and directed the defendant to ship no more walnuts of such grade and quality; but that the defendant disregarding the instructions, proceeded to ship the other cars referred to; that when the cars were received at the packing house belonging to the plaintiff in the county of Los Angeles, the plaintiff notified the defendant of the alleged inferior quality of the walnuts; that the plaintiffs refused to accept the walnuts; that the defendant called upon the plaintiff in the county of Los Angeles, and that an agreement was entered into relative to the disposal of the walnuts, whereby the respective parties were to equally share in the losses or in the profits, if any were received in the disposal of the walnuts.

It is alleged also that the plaintiff paid to the defendant the sum of $9,938.27; that the plaintiff succeeded in selling the walnuts for the sum of $7,272.44, leaving a deficit in the sum of $2,665.83. Other counts in the complaint allege other items which do not need to be considered herein. It is

further alleged in the complaint that the walnuts were of an inferior quality, etc.

The answer of the defendant denies the inferior quality of the walnuts; denies the agreement as set out in the plaintiff's complaint; and alleges that the plaintiff agreed to, and authorized the defendant to purchase walnuts at a certain specified price per pound, and allow the defendant a commission of one-half cent a pound for the walnuts purchased by him as agent for the plaintiff; and that the walnuts purchased by him were of the grade and quality which he was authorized to purchase.

The affidavit filed by the plaintiff in support of his motion for the retransfer of the cause to Los Angeles for trial, is based upon the convenience of witnesses, and sets forth two propositions: The alleged agreement entered into between the plaintiff and the defendant; and that at the time of the agreement relative to sharing the profis and losses there were present seven witnesses who heard the agreement alleged to have been entered into between the plaintiff and the defendant, modifying the agreement or the authorization under which the defendant had acted in the first instance in the purchase of the four cars of walnuts. Also, the affidavit sets forth the names of a number of witnesses, by whom the plaintiff hopes to prove the inferior quality of the walnuts in question, and that all of these witnesses reside in the county of Los Angeles.

In opposition to the affidavit of the plaintiff, the defendant has filed an affidavit in which it is set forth that only three of the persons named by the plaintiff as being present at the conversation alleged to have taken place between the plaintiff and the defendant in the county of Los Angeles, were actually present. The defendant also sets forth his version of the conversation and agreement, and deposes that the witnesses who were present at the time of the conversation will not testify as the plaintiff alleges, but would testify that the conversation and agreement was and is as alleged by the defendant. The affidavit of the defendant also shows that the witness H. H. Huffman, who was present at the time of the conversation, resides in the county of Butte, the county to which the case has been transferred for trial.

The affidavit of the defendant also sets forth the names and residences of numerous witnesses, some fifteen or twenty in number, residing within fifty miles of the city of Oroville, county of Butte, the place to which said trial has been transferred, all of whom will testify that the grade and quality of the walnuts shipped to the plaintiff were of the grade and quality ordered by the plaintiff, and of the grade and quality that had been shipped by the defendant to the plaintiff from the Chico-Butte district during previous years.

It thus appears that if the respondent's affidavit was accepted by the court as containing a correct statement of the facts, the plaintiff had present at the alleged conversation, and at the time of entering into the modified agreement, only two more witnesses than had the defendant, assuming that they would testify as alleged by the plaintiff, and that the defendant must necessarily call a number of witnesses residing in Butte County, or within fifty miles of the place of trial.

In passing upon a motion for change of place of trial on the ground of convenience of witnesses, the order of the trial court will not be disturbed unless there is an abuse of discretion, and especially is this the case where there is a conflict in the evidence.

In *McKenzie* v. *Barling,* 101 Cal. 459 [36 Pac. 8], the rule in this particular is thus succinctly stated: "At all events we could not disturb the ruling of the court below in the premises, for the evidence was certainly conflicting in a marked degree." In that case, just as in this, the affidavit of the respondent controverted all the allegations contained in the affidavit of the plaintiff relative to the issues tendered for trial.

The same rule was enunciated by this court in the case of *Tulare Power Co.* v. *Pacific Surety Co.,* 43 Cal. App. 315 [185 Pac. 399].

In the case of *Sourbis* v. *Rhoads,* 50 Cal. App. 98 [194 Pac. 521], this court said: "In considering the affidavits used upon said motion, this court is bound by the same rule that controls where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein be considered as established. (Citing *McKenzie* v. *Barling,* 101 Cal. 462 [36 Pac. 8]; *Doak* v. *Bruson,* 152 Cal.

18 [91 Pac. 1001]; *Henderson* v. *Cohen,* 10 Cal. App. 585 [102 Pac. 826].) ''

Other cases might be cited, but the foregoing we deem sufficient. What we have said being determinative of this appeal, it is unnecessary to consider any of the issues tendered by the cross-complaint filed by the defendant.

The order denying the plaintiff's motion for a change of place of trial is affirmed.

Thompson, J., and Pullen, P. J., concurred.