[Ciy. No. 10150.   Second Appellate District, Division One.—June 24, 1935.]

EDWARD F. MILLER, Respondent, v. FRED R. COLLINS et al., Appellants.

Lasher B. Gallagher for Appellants.

Otto A. Gerth for Respondent.

CONREY P. J.—On motion of respondent for order to dismiss appeal or affirm order denying motion for change of venue.

The complaint states a cause of action for personal injuries alleged to have been suffered by the plaintiff, resulting from the negligence of one Fred R. Collins while driving an automobile within the county of San Bernardino. It was further alleged that at the time of the accident said Collins was an employee of the defendants other than said Collins and his wife, all of whom except the defendants Collins were residing in the county of Los Angeles. This action was commenced by complaint in the Superior Court of Los Angeles County. Defendants Collins at the time of appearing and filing demurrer to complaint made demand for change of place of trial to the Superior Court of San Bernardino County, and gave notice of motion for that purpose. The motion was presented upon affidavits of the moving parties together with a counteraffidavit upon the part of the plaintiff. Such motion having been denied, defendants Collins appeal therefrom.

The principal point in controversy relates to the claim of appellants that their codefendants were by the plaintiff made defendant in the action fraudulently, "and said defendants and each of them have been improperly joined as defendants, and said defendants and each of them has been made a defendant solely for the purpose of having the action tried in the County of Los Angeles". In support of this motion the defendant Fred C. Collins in his affidavit "alleges" that he never was a servant, representative or employee of said codefendants or any of them; and asserts that said codefendants were joined in this action solely for the purpose of attempting to prevent appellants from having the action tried in the county of San Bernardino, where the alleged cause of action arose and where appellants resided.

On the face of the complaint the said codefendants of the defendants Collins are proper parties to the action. The affidavit of their attorneys states facts which strongly tend to show that the plaintiff and said attorney had some reason to believe, and in good faith did believe, "that all of said de-

fendants bore responsibility and liability to the plaintiff'', and that they were proper parties defendant.

The record being as above stated, the court had the right to determine the facts in accordance with the evidence produced by the plaintiff. In order to succeed in compelling the demanded change of venue, it was necessary for appellants to establish the truth of their charge that their said codefendants had been made defendants in the action ''solely for the purpose'' of having the action tried in the county where those defendants resided. (Code Civ. Proc., sec. 395.) Where, upon such a motion, there is any conflict in the affidavits, those in favor of the prevailing party must be considered as true, and the fact stated therein must be considered established. (*Sourbis* v. *Rhoads,* 50 Cal. App. 98 [194 Pac. 521].) It may be conceded that notwithstanding the sufficiency of the complaint, appellants would have been entitled to change of venue if they had been successful in proving that the claim against the resident defendants is a mere pretense and made only for the purpose of having the action tried in the county where the complaint is filed. Unfortunately for their contention the court found against them upon that issue.

The motion of respondent is granted, and the order denying motion for change of venue is affirmed.

Houser, J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.