[Civ. No. 8504.    Third Dist.    Oct. 13, 1953.]

MARIA J. ERICKSON, Respondent, v. EDRIE MARY
BOHNE et al., Appellants.

Stanley R. Sterne for Appellants.

S. K. McMullin for Respondent.

VAN DYKE, P. J.—Defendants Edrie Mary Bohne, James L. Meegan and Beatrice Meegan have appealed from an order of the trial court denying their motion for a change of venue upon residential grounds. They now seek a writ of supersedeas pending the disposition of their appeal. ▮ The issuance of such a writ is discretionary and the writ will issue only when justified by a showing that substantial questions will be presented upon the appeal from the order denying a change. (*Bardwell* v. *Turner*, 219 Cal. 228 [25 P.2d 978].) A consideration of the petitioners' moving papers here has satisfied us that they have good ground for asking the issuance of the writ they seek.

The complaint filed by plaintiff and respondent in the trial court contained two counts and named the four defendants

as parties to each count. The three petitioners reside in Alameda County. The fourth defendant who neither appeared nor joined in the motion for change, nor yet appealed from the order denying it, resides in Sonoma County where the action was begun. In one count plaintiff seeks to recover from the three defendants, who are petitioners here, a money judgment in the sum of $4,500 and in support of her demand plaintiff alleges in substance as follows: That on May 26, 1950, she was the owner of real property in Sonoma County. She was then physically and mentally ill and unable to transact business. Defendants Edrie Bohne, plaintiff's daughter, and James Meegan, a friend of Edrie, took advantage of her condition and their confidential relationship to her and fraudulently procured her execution and delivery of a deed conveying the property to Edrie. At that time plaintiff did not know she was signing a deed and had no intention of doing so. She received no consideration for the conveyance. Edrie then conveyed the property to Meegan, without consideration, who thereafter, along with defendant Beatrice Meegan, his wife, conveyed the property to defendant Patricia Pierce, receiving $4,500 in consideration therefor. All three deeds were recorded, the first two being of record when Patricia Pierce bought the property. Upon learning of these matters plaintiff demanded that her daughter and the Meegans pay over to her the money they received from Pierce, which they refused to do. She prays judgment against them in that sum. This count alleges a transitory cause of action and obviously states no cause of action against defendant Patricia Pierce. The second count contains the same allegations as the first count, save that it omits all reference to plaintiff's demand that the Meegans and her daughter turn over to her the price received from Pierce. By her prayer to that count plaintiff demands that the three deeds be ordered delivered up, that they be canceled and adjudged to be void and that all defendants be compelled to reconvey the real property to plaintiff.

In support of their petition for the writ petitioners contend as follows: 1. Even though the second count be read as involving title to real property yet that count being joined with a transitory cause falls under section 395 of the Code of Civil Procedure and except for the joinder of Patricia Pierce must be tried in the county of defendants' residence (*Smith* v. *Smith*, 88 Cal. 572 [26 P. 356]; *Ah Fong* v. *Sternes*, 79 Cal. 30 [21 P. 381]; *Warner* v. *Warner*, 100 Cal. 11 [34 P.

523] ; *Sheeley* v. *Jones,* 192 Cal. 256 [219 P. 744].)  2. In any event the complaint states no cause of action against defendant Pierce and hence her residence in Sonoma County is immaterial, for the joining as a party defendant of one against whom no cause of action is stated does not deprive the other defendants of the right to have the action tried in the county of their residence.  (*Modlin* v. *Walter's Fur Shop,* 83 Cal. App.2d 384, 389 [188 P.2d 805].)  They say no cause of action is stated against Pierce for the reason that it is not charged that she knew of the fraudulent procurement of the deed from plaintiff to her daughter which was of record when she bought, and she is therefore presumed prima facie to be an innocent purchaser in good faith who, having paid value for the property, cannot have her title voided by reason of the allegations concerning the way in which the other defendants obtained the execution of plaintiff's deed.  (*Fly* v. *Cline,* 49 Cal.App. 414, 423 [193 P. 615].)

Enough has been said to show that substantial questions are to be determined upon the appeal from the order denying a change of venue and therefore it is proper to grant the writ prayed for.  (*Bardwell* v. *Turner, supra,* pp. 230-231.)

Let the writ issue.

Peek, J., and Schottky, J., concurred.