[Civ. No. 25637.   Second Dist., Div. Three.   Aug. 7, 1961.]

FRIEDMAN BAG COMPANY, INC. (a Corporation), Respondent, v. ALTER SHRIER et al., Appellants.

562

George W. Granger for Appellants.

William C. Stein for Respondent.

SPARKS, J. pro tem.*—Defendants have petitioned this court for a writ of supersedeas to stay the trial of the above-entitled action pending appeal. The record as presented to us shows that the complaint was filed in the Superior Court, Los Angeles County; that the defendants answered and filed a cross-complaint; and, at the time of answering, moved the court for a change of venue to the Superior Court, Kern

---

*Assigned by Chairman of Judicial Council,

County, alleging that it is the county of their residence and the proper place of trial. The motion for change of venue was denied on March 27, 1961, and thereafter defendants filed their notice of appeal. Notwithstanding the taking of the appeal, plaintiff caused the case to be set for trial.

There being no statutory provisions for an automatic stay of proceedings when an appeal is taken from an order granting or denying a change of venue (Code Civ. Proc., § 949), a writ of supersedeas may issue under proper circumstances. (*Bardwell* v. *Turner*, 219 Cal. 228 [25 P.2d 978].)

The granting of the writ is not a matter of right, but of discretion which will be exercised only when substantial questions are presented by the appeal. (*Erickson* v. *Bohne*, 120 Cal.App.2d 606 [261 P.2d 782]; *Alhambra Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp.*, 109 Cal.App.2d 119 [240 P.2d 340]; *Yee Kee Chong* v. *Pacific Freight Lines*, 72 Cal.App.2d 219 [164 P.2d 43].)

Certain facts are uncontroverted. Defendants (hereinafter called "Shrier"), who reside in Kern County, California, on June 4, 1957, ordered from plaintiff, Friedman Bag Company (hereinafter called "Friedman") of Los Angeles, 25,000 burlap bags for their "Good Morning # 1" brand of new potatoes. A written contract of purchase and sale was then executed by the parties wherein the price of the bags per thousand was specified, and among other terms, the following:

"F.O.B.—plant of seller.

Payable at seller's office in par funds."

After receiving the order, the sacks were prepared and labeled as requested and delivery was taken of them by Shrier's trucks in Los Angeles.

On June 28, 1957, Shrier ordered another 10,000 bags, and a written contract of the order was prepared and mailed to Shrier but was not signed by them. The bags, however, were furnished and delivery taken of them in Los Angeles by Shrier's trucks. Payment was made by Shrier for the bags as follows: March 1, 1960, $1,000; April 4, 1960, $1,000; July 20, 1960, $500; October 6, 1960, $500. On January 18, 1961, Friedman filed suit in Los Angeles County for $2,789.63, the balance alleged to be due and unpaid for said bags, plus interest and attorney's fees.

The principal facts in controversy before the trial court, as shown by the affidavits and counteraffidavits, were: Friedman alleged that the new potato bags were ordered on both occasions by telephone direct from Shrier to Friedman's credit

manager in Los Angeles. Shrier alleges that their orders were placed with one Rowen Hall, Friedman's agent in Kern County, and that both the written and oral contracts were entered into in that county. Although not specifically denying that they called the credit manager direct in Los Angeles, Shrier's version of what occurred in placing their order for the bags is definitely in conflict with that of Friedman.

Friedman also alleged affirmatively in its complaint and in its counteraffidavit that Shrier, on more than one occasion in Los Angeles County, after their obligation had been incurred and at a time when there was a balance due and unpaid, stated and approved said account. Shrier denied this allegation and averred that they had never agreed on any book account and never acknowledged an account stated between Friedman and themselves.

In order to determine whether or not the appeal presents "substantial questions" it is necessary to examine the provisions of law relative to venue in actions founded on contracts. The pertinent provisions of section 395, Code of Civil Procedure read: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

The none-too-clear provisions of this section have been interpreted to fix venue in actions ex contractu in any one of the following counties: (1) that of the defendant's residence; (2) where the contract was entered into; (3) in which a defendant has contracted specially and in writing *to perform his obligation*. (*Armstrong* v. *Smith*, 49 Cal.App.2d 528 [122 P.2d 115]; *Hale* v. *Bohannon*, 38 Cal.2d 458 [241 P.2d 4]; *Dawson* v. *Goff*, 43 Cal.2d 310 [273 P.2d 1].) The obligation of Shrier under the contracts here was obviously to pay for the bags which they bought. As noted *supra,* the written agreement specified that payment was to be made at seller's office in Los Angeles.

Insofar as the second purchase was concerned, it not being evidenced by any contract in writing, the venue of necessity would be either in the county of the defendants'

residence or in which the contract was entered into. (*Dawson* v. *Goff, supra,* 43 Cal.2d 310, 315.) On the latter question as to where the contract was entered into, there was, as we have noted, a conflict in the affidavits. ▉ If the contract was made by telephone, as alleged by Friedman, it would have been entered into where the recipient of the message accepted the offer to buy the bags. (*Ward Mfg. Co.* v. *Miley,* 131 Cal.App. 2d 603 [281 P.2d 343] ; *Wilson* v. *Scannavino,* 159 Cal.App.2d 369 [324 P.2d 350].) ▉ Likewise, determination as to venue on the cause of action on an account stated, would depend upon the credence given to the conflicting statements in the affidavits and counteraffidavits.

▉ It is well established that when an issue is tried on affidavits and there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court may not be disturbed on appeal. (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R.2d 1349] ; *Beckett* v. *Kaynar Mfg. Co., Inc.,* 49 Cal.2d 695, 699 [321 P.2d 749].) ▉ This rule, as applied to motions for change of venue, has been worded as follows: "Where, upon such a motion, there is any conflict in the affidavits, those in favor of the prevailing party must be considered as true, and the fact stated therein must be considered established." (*Miller* v. *Collins,* 8 Cal.App.2d 10, 12 [47 P.2d 334] ; see also *Groobman* v. *Pfeiffer,* 2 Cal.App.2d 10 [37 P.2d 198] ; *Thommes* v. *Thommes,* 128 Cal.App. 632 [17 P.2d 1030] ; *Pacific States Corp.* v. *Shepardson,* 105 Cal.App. 747 [288 P. 714].)

▉ From our review of the record submitted, we conclude that the appeal from the order denying change of venue presents no substantial questions for decision and that the issuance of a writ is not required in aid of our appellate jurisdiction.

The petition for the writ of supersedeas is denied and the stay of proceedings heretofore issued is discharged.

Shinn, P. J., and Ford, J., concurred.